WRIGHT, Presiding Judge.
This is a case of termination of parental rights. The only issue on appeal is whether there was clear and convincing evidence before the trial court to support its order terminating the mother’s parental rights.
In June 1983 the Montgomery County Department of Pensions and Security (DPS) filed a dependency petition on behalf of Dustin Lindsey, after receiving a report of suspected child abuse concerning the child. A pick-up order was issued the same day the petition was filed. After a hearing, the trial court granted the petition and placed temporary legal custody of the child with DPS. The court order set forth certain conditions which the mother had to meet in order to regain custody of the child. She was to attend parenting skills classes, find and maintain for three months suitable housing which includes all utilities, obtain employment or some other type of income, provide day care services for the child if she was employed, and cooperate with DPS in their efforts to provide services to her. Four judicial reviews were had on the temporary custody order. After each hearing, temporary custody was continued in the Montgomery County DPS.
A petition was filed by DPS in the Montgomery County Juvenile Court in April 1985, seeking permanent custody and termination of parental rights for the child. The petition stated that the reason for the termination of parental rights was the mother’s failure to meet the requirements set forth in the court order of August 1983. After a hearing, the court granted the peti *1180 tion of DPS. A joint motion for reconsideration was filed by the mother and the guardian ad litem. This was denied. The mother and guardian ad litem appeal from that judgment.
In a child custody case, after an ore tenus hearing, the judgment of the trial court is presumed to be correct and will not be disturbed on appeal unless palpably wrong. Gaddy v. Alabama Department of Pensions and Security, 428 So.2d 91 (Ala.Civ.App.1983). The best interests of the child is the controlling consideration in child custody cases. Melton v. State Department of Pensions and Security, 448 So.2d 392 (Ala.Civ.App.1984). In order to terminate parental rights there must be clear and convincing evidence that the best interests of the child are against parental custody. Matter of Moore, 470 So.2d 1269 (Ala.Civ.App.1985).
The evidence reveals that the mother’s situation at the time of the termination hearing has not improved in any significant manner from the time the child was originally placed in foster care. At the time the pick-up order was given, the child was less than one year old. He has remained in foster care for two years, and during this time the mother has only visited him ten times. The child does not know her as his mother. The mother has established a pattern of entering intimate relationships with one man after another. She has not altered such conduct since the child was placed in foster care. She has had four children since she was fifteen. (She was twenty-two at the time of the termination hearing.) Each of her four children had a different father and she was not married to any of the fathers. Two of her children died when they were young. Legal custody of the oldest child is with his maternal grandmother. The mother is not married to the man with whom she is presently living, and she moved in with him after knowing him for only a few days. The mother failed to comply with the terms of the court order of August 1983. She has no stable means of support for the child. Therefore, we find the judgment of the trial court to be supported by clear and convincing evidence and that the best interests of the child will be promoted by terminating the parental rights of the mother.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.