This is a paternity case.
On September 27, 1983 this action was initiated in the Family Court of Jefferson County, Bessemer Division, by the filing of a complaint charging that Mr. Ritter was the father of an illegitimate child. Subsequently, Mr. Ritter pleaded not guilty. The case was then set for trial for March 8, 1984.
On December 20, 1983 Mr. Ritter filed a motion for discovery. This motion was heard and granted on January 24, 1984. In February 1984 Mr. Ritter propounded interrogatories to the mother. These interrogatories were answered. Mr. Ritter charged, however, that the answers to those interrogatories were insufficient, and he filed a motion to compel answers.
By order of the family court on March 8, 1984, Mr. Ritter was found to be the father of the illegitimate child. On that date Mr. Ritter filed a notice of appeal to the circuit court. Later the district attorney filed a complaint in the circuit court charging that Mr. Ritter was the father of the child in question.
The trial was commenced on December 4, 1984. Immediately prior to trial, Mr. Ritter's attorney moved for a continuance, stating that he had had only about two weeks' notice of trial. This motion was denied. Following the jury trial, which concluded two days later, Mr. Ritter was found to be the father of the child.
After a hearing Mr. Ritter's motion for new trial was denied. Thereafter, he filed a notice of appeal to this court.
Mr. Ritter's first contention on appeal is that the trial court erred by refusing to grant a continuance requested on the day *Page 78 
of the trial. He argues that his motion stemmed from the fact that his attorney had not received any written notice of the trial pursuant to Rule 40 (b), Alabama Rules of Civil Procedure. He argues that because he was not informed of the trial date until approximately two weeks before trial he was not allowed to complete discovery or allowed to subpoena witnesses.
The record reveals that Mr. Ritter's attorney did not move for a continuance until the day of trial, although he had knowledge of the trial date at least one week earlier. As his basis for the continuance, Mr. Ritter asserted that he had not had the opportunity to complete discovery. However, the record indicates that the case had been pending in the circuit court from March until December and that some discovery in the form of interrogatories had been completed. Additionally, in asking for the continuance, Mr. Ritter did not mention a desire to have additional time in order to issue subpoenas.
The law in Alabama is well settled that continuances are not favored and that a trial court's denial of a motion for a continuance will not be reversed unless palpable error or abuse of discretion is shown. Madison v. Weldon, 446 So.2d 21 (Ala. 1984). We find that Mr. Ritter has not shown this court that the trial court abused its discretion by denying his motion for a continuance.
Additionally, we find no merit to Mr. Ritter's contention that his attorney is an "out of county" attorney so as to warrant notice pursuant to the notification requirements under Rule 40 (b), A.R.Civ.P. Although the Bessemer division is statutorily distinct, it is still within Jefferson County and will be treated as such for the purposes of this rule. Not being under the umbrella of Rule 40 (b), Mr. Ritter is subject to the general rule which provides that litigants are required to keep track of their cases, and a court ordinarily owes no duty to notify the parties of settings. Taylor v. Morgan,379 So.2d 1256 (Ala. 1980).
Mr. Ritter's next contention is that the trial court erred in denying his request for a mistrial and his motion for a new trial based on the interjection of comments by the district attorney as to Mr. Ritter's present financial status. He argues that such comments were improper, highly prejudicial, and of such a nature as to require a finding of reversible error.
Although, generally, any reference to the wealth or poverty of a party is not permissible, such may be relevant and admissible when it goes to a material issue in the case.Johnson v. Harrison, 404 So.2d 337 (Ala. 1981). Rulings as to the admissibility of evidence rest largely within the discretion of the trial court, and will not be disturbed on appeal except for a showing of abuse of discretion.Russellville Flower Craft, Inc. v. Searcy, 452 So.2d 478 (Ala. 1984).
Furthermore, in order for the admission of evidence to warrant reversal, any alleged error must affect the substantial rights of the parties. Village Toyota Co. v. Stewart,433 So.2d 1150 (Ala. 1983). Otherwise, the admission of such evidence could constitute harmless error.
The record reveals that there were some statements and objections pertaining to the introduction of evidence regarding the economic status of Mr. Ritter.
In his opening statement the district attorney commented that Mr. Ritter had married a woman who resides in wealthy surroundings. Mr. Ritter objected and moved for a mistrial. His motion for a mistrial was denied but his objection was sustained. Mr. Ritter did not at this time, nor at any time throughout the proceedings when his objections were sustained, request the court to instruct the jury to disregard the testimony. After the opening statements the court did, however, instruct the jury that their duty was only to address the issue of whether Mr. Ritter was the father of the illegitimate child. The court also admonished the jury that the issue of child support was not their concern and that they were to separate the two issues. *Page 79 
On direct examination Mr. Ritter testified that he was married and that he lived in Vestavia. He also stated that he had a master electrician's card and that he owned his own electrical contracting business. On cross-examination Mr. Ritter was asked the estimated value of his home. Mr. Ritter objected and his objection was sustained.
Additional reference was made to Mr. Ritter's wealth on the direct examination of the mother. The mother was asked what was said during a conversation that she had with Mr. Ritter regarding his marriage. She replied that he stated that he was so rich now that he would not have to work another day in his life. Mr. Ritter objected to this statement as being irrelevant and prejudicial. He also moved for a mistrial. His objection was overruled and his motion for a mistrial was denied. Mr. Ritter was also asked whether he and his wife had executed any type of postnuptial agreement concerning their personal finances. An objection was made to this question, but the court did not rule on it.
On direct examination the mother also testified that she felt $500 per month child support would be sufficient. She stated that she based her support amount on the fact that Mr. Ritter was paying $1,000 per month to a child of his by a previous marriage. This testimony was not objected to. During his closing argument the district attorney commented on this statement. Mr. Ritter then objected. The trial court did not rule on this objection. It did, however, reiterate to the jury that their sole duty was to determine whether Mr. Ritter was the father of the child. It also admonished them again that they were not to be concerned with the issue of child support.
After a careful review of the record, we find that with respect to most of the objections made by Mr. Ritter to questions or statements regarding wealth, either the objection was sustained, the question was withdrawn, the question went unanswered, or there was no ruling made thereon. In one instance the court overruled an objection to a question regarding the husband's wealth.
The trial court, at the beginning of the trial, during the trial, and during the time it was instructing the jury on the law of the case, informed the jury that the only issue before them was whether Mr. Ritter was the father of the child. The court told the jury that another tribunal would decide the support for the child should they decide that Ritter was the child's father. The court repeatedly emphasized that wealth of the parties was not a matter for the jury to consider in arriving at its verdict.
Assuming, without deciding, that the trial court erred in not sustaining the objection to the question referred to above, this was error without injury. Rule 45, Alabama Rules of Appellate Procedure. We are not convinced that this error substantially affected the rights of Mr. Ritter in view of the strong evidence supporting the jury's finding that he was the child's father.
Mr. Ritter's final contention, raised for the first time in his reply brief, is that the circuit court lacked jurisdiction to try and decide this appealed case. He argues that this paternity action was instituted under sections of the Code which were repealed and superseded by the Alabama Uniform Parentage Act (AUPA). See, §§ 26-12-1 through -9, Code 1975. He argues that because this paternity action was instituted in the family court under the old statute and had not been tried in the circuit court prior to its repeal that the circuit court lost jurisdiction over the case on May 7, 1984, AUPA's effective date, because the statute did not contain a saving clause. He thus argues that the judgment against him is void.
Repeal of an existing statute, under which a proceeding is pending, terminates that proceeding unless the repealing statute contains a proper saving clause. See, Brady v. StatePilotage Commission, 485 So.2d 1179 (Ala.Civ.App. 1985). AUPA contains no such saving clause.
The above proposition, however, is not applicable to remedial statutes. *Page 80 
Remedial statutes touch upon matters of procedure rather than substantive rights, and act to correct the defects in the original statute. See, Ex parte Burks, 487 So.2d 905 (Ala. 1985). Absent clear language to the contrary, remedial statutes do operate retroactively. See, Jones v. Casey, 445 So.2d 873
(Ala. 1983).
Paternity statutes provide a procedure for establishing the paternity of a child. See, Keener v. State, 347 So.2d 398 (Ala. 1977). It is clear that if a statute is procedural in nature it may be applied on appeal even if the effective date of the statute occurred while the appeal was pending. Kittrell v.Benjamin, 396 So.2d 93 (Ala. 1981).
After careful review we conclude that the AUPA is clearly remedial in nature, as it impairs no vested right, and does not disturb past transactions but rather heals what may have been perceived as defects in the original paternity statute. Moreover, AUPA's principal function is to provide a procedure for establishing the paternity of a child. Keener v. State,supra. Therefore, the circuit court's judgment is not void for lack of jurisdiction.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.