STATE, ex rel., Patricia TODD, Individually, and as Personal Representative of the Estate of Mark Timothy Todd, Deceased, Mark A. Todd and Angela M. Todd, lawful children of Mark Timothy Todd, by their next friend, Patricia Todd, Relators,

v.

The Honorable Kenneth M. ROMINES, Judge of the Circuit Court of St. Louis County, Missouri, Respondent.

No. 59193.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1991.

Application to Transfer Denied May 3, 1991.

Klutho, Cody, Kilo, Flynn, Billingsley & Trame, St. Louis, for relators.

Thurman, Smith, Howald, Weber and Bowles, Hillsboro, for Scien. Sec.

Richard J. Pautler, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, for Prudential.

John P. Emde, St. Louis, for John Hancock Ins.

Thurman, Smith, Howald, Weber and Bowles, James E. Bowles, Hillsboro, for respondent.

SIMON, Presiding Judge.

Relator Patricia Todd filed a petition for writ of prohibition with this Court following respondent's order transferring her cause of action to Pulaski County from St. Louis County. We issued a preliminary order in prohibition on November 21, 1990. We hereby make the order permanent.

The events leading up to relator's filing her petition are as follows. On March 26, 1990, William Pagano shot and killed Mark Timothy Todd, Pagano's employee and relator's decedent. At the time of Todd's death, Pagano and/or his corporate entities, Scientific Security Inc., and Scientific

Security, Inc. d/b/a SSI Global Security Service, also known as SSI Global Security, Division of Scientific Security, Inc. (hereinafter SSI), had purchased two insurance policies on Todd's life. One policy was through John Hancock Mutual Life Insurance Company for $500,000, and the other was through The Prudential Insurance Company of America, also for $500,000.

On July 2, 1990, relator, individually and as representative of Todd's estate and as next friend of their two minor children, filed the underlying action in St. Louis County, seeking to impose a constructive trust upon the insurance proceeds, holding them for the benefit of Todd's estate. The named defendants in that action are SSI, John Hancock and The Prudential. Relator simultaneously filed, in Jefferson County, a petition for wrongful death, naming as defendants SSI and Pagano individually.

Pagano was charged by way of information with murder first degree and armed criminal action in Jefferson County. The criminal proceedings were removed to Pulaski County on a change of venue. Relator then filed a motion for a change of venue to Pulaski County in the wrongful death action, which was granted. In the underlying action defendant SSI filed a "Limited Entry of Appearance and Motion to Dismiss" on August 6, 1990, and admitted they maintain offices for the transaction of their usual and customary business in Jefferson County. Defendants John Hancock and The Prudential did not file an answer or join in SSI's motion. After a hearing on the motion on October 25, 1990, respondent found "venue [was] appropriate in Pulaski County" and ordered the case transferred.

Here, relator asserts respondent exceeded his jurisdiction in transferring the underlying action from St. Louis County to Pulaski County because: (A) the cause of action was not improperly split; (B) Section 476.410 RSMo 1986 (all further references shall be to RSMo 1986, unless otherwise noted) does not apply when the underlying action is originally brought in an appropriate venue; and (C) Section 476.410 does not permit transfer to a circuit in which the

underlying action could not originally have been brought.

We must initially address one of respondent's arguments in his brief. Respondent asserts relator has inappropriately relied upon the writ of prohibition in this case because prohibition cannot be used to change what has already been done.

■ Respondent correctly states the law. *See, e.g. State ex rel. Hamilton v. Dalton,* 652 S.W.2d 237, 239[3] (Mo.App.1983); *State ex rel. McDonnell Douglas Corp. v. Gaertner,* 601 S.W.2d 295, 296[2] (Mo.App. 1980). Mandamus, however, will lie to compel the undoing of a thing wrongfully done. *State ex rel. Keystone Laundry & Dry Cleaners, Inc. v. McDonnell,* 426 S.W.2d 11, 15[4] (Mo.1968). While a writ of mandamus is more appropriate in this case, "... [t]he distinction between mandamus and prohibition is at best blurred, at worst nonexistent, and the subject matter to which the two writs apply overlap to a great extent." *St. Louis Little Rock Hospital, Inc. v. Gaertner,* 682 S.W.2d 146, 148 (Mo.App.1984). Since mandamus would lie in the circumstances of the present case, the interests of justice would not be served by dismissing this action. "... [W]e will not engage in fine, anachronistic distinctions of nomenclature. We refuse to revert to the hypertechnical niceties of Common Law Pleading where the title of a pleading was of more importance than its content." *Little Rock,* 682 S.W.2d at 148. We therefore turn to the merits of this action.

■ We must initially decide whether St. Louis County is an appropriate venue. Here, three corporations are the named defendants. A court has venue over all corporate defendants if there is venue over any one of them. Section 508.040; *State ex rel. Webb v. Satz,* 561 S.W.2d 113, 115 (Mo. banc 1978). Section 508.040 requires suits against corporations be commenced in the county where the cause of action accrues or where the corporation keeps an office or agent for the transaction of their usual and customary business.

Here, relator pleaded that two of the corporate defendants, John Hancock and

The Prudential, maintained offices in St. Louis County. John Hancock and The Prudential did not deny these allegations. Venue is therefore initially appropriate in St. Louis County. *Satz*, 561 S.W.2d at 115. The question then becomes whether the cause of action has been improperly split, so as to make transfer proper.

Clearly, a plaintiff may not split a cause of action and try a single claim piecemeal against different defendants one by one. *Hagen v. Rapid Amer. Corp.*, 791 S.W.2d 452, 455[4] (Mo.App.1990). A claimant may, however, bring separate and distinct causes of action separately, even if they arise out of the same transaction. *Nolan v. Kolar*, 629 S.W.2d 661, 664[6] (Mo.App. 1982). The test for determining whether or not a cause of action is single, and cannot be split, is: (1) whether the separate actions brought arise out of the same act, contract, or transaction, (2) or whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions. *Eugene Alper Constr. Co., Inc. v. Joe Garavelli's of Westport, Inc.*, 655 S.W.2d 132, 135[6] (Mo.App.1983).

▋ Here it is not disputed that the wrongful death action and the underlying constructive trust action arise from the same act: Pagano shooting Mark Todd, and Todd's subsequent death. It is, however, the second evidentiary part of the test, that is dispositive in this proceeding. *Cf. Eugene Alper Const.*, 655 S.W.2d at 135.

The parties are not the same. The underlying action involves two defendants not named in the wrongful death action. The wrongful death action names Pagano individually as a defendant, whereas the underlying action names John Hancock and The Prudential. The subject matter is likewise dissimilar. The wrongful death action is a tort action, while the underlying action is an equitable remedy.

The evidence necessary to prevail on both claims is also different. It is likely that the evidence necessary to prove wrongful death will be the same in both cases. The tort action, however, will require proof of damages that the equity action will not. Similarly, the constructive

trust action will involve issues concerning the insurance contracts that are not necessary in the resolution of the wrongful death action. Thus, we conclude relator's actions are separate and venue is proper in St. Louis County.

Because relator's first point is dispositive of her appeal, we need not address her remaining points. Pulaski County would not be a proper venue unless relator's cause of action had been split. We have concluded otherwise; therefore, respondent exceeded his jurisdiction in transferring this action to Pulaski County. We make our preliminary order in prohibition permanent.

PUDLOWSKI and KAROHL, JJ., concur.