**STATE of Missouri, ex rel., Donald MELLENBRUCH and Harold Elerick, Relators,**

**v.**

**The Honorable Thomas C. MUMMERT, Division 3, Circuit Court of the City of St. Louis, Respondent.**

No. 59882.

Missouri Court of Appeals, Eastern District, Division Six.

July 16, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1991.

Case Transferred to Supreme Court Oct. 16, 1991.

Case Retransferred to Court of Appeals Jan. 28, 1992.

Original Opinion Reinstated Feb. 6, 1992.

Matthew Joseph Padberg, St. Louis, for relators.

Paul N. Venker, John C. Shepher, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Relators, Donald Mellenbruch and Harold Elerick, seek our writ prohibiting respondent, a judge of the Circuit Court of the City of St. Louis, from ordering the underlying action transferred to the circuit court of St. Louis County on the grounds of improper venue.

In the underlying action relators allege that they purchased a 1980 Toyota Automobile at the St. Louis Auto Auction. In the original petition it was alleged that the automobile was sold by defendants Ford Motor Credit Company (FMCC) and General Electric Credit Corporation (GECC). Relators alleged that these defendants, through unidentified agents and employees denominated as John Doe defendants, falsely represented the actual mileage on the vehicle. Counts I and II prayed for actual and punitive damages on account of the alleged misrepresentation. Count III sought damages based upon an alleged violation of § 407.536 RSMo.1986, the odometer fraud statute. Several amended petitions were filed and ultimately the named defendants were FMCC, General Electric Capital Auto Auctions, Inc., (GECA), which owned the St. Louis Auto Auction, and Glenn Lavezzi, an employee of the auto auction. Both FMCC and GECA are corporations which maintain their business offices in St. Louis County but their registered agents in the City of St. Louis. Mr. Lavezzi is a resident of St. Louis County. St. Louis Auto Auction, where the automobile was sold and the cause of action accrued, is in St. Louis County.

All three defendants moved for a dismissal of the action due to improper venue and pretensive joinder. A hearing on the motions was deferred until Mr. Lavezzi's deposition could be taken. We are informed that relators settled their claims against GECA and Mr. Lavezzi and the case against these defendants was dismissed with prejudice on August 19, 1990. On March 8, 1991, FMCC's motion to dismiss

was heard and sustained. On March 13, respondent set aside the dismissal and ordered the cause transferred to the Circuit Court of St. Louis County. This proceeding ensued. On March 26, 1991, we issued our preliminary order in prohibition which we now make permanent.

■ Section 476.410 RSMo., Cum.Supp. 1989 authorizes a circuit judge to order a case transferred to another circuit in which it could have been brought only if venue in the circuit court in which the case is filed is improper. State ex rel., Mo. Highway & Transportation *Commission v. Hedspeth,* 788 S.W.2d 342, 344 (Mo.App.1990). Therefore, if venue is proper in the Circuit Court of the City of St. Louis, respondent's order of transfer is in excess of his jurisdiction and prohibition is appropriate.

Relators maintain venue is proper in the Circuit Court of the City of St. Louis pursuant to both § 508.010 and § 407.546.[1] Respondent counters that these statutes are inapplicable to this case and that the proper venue statute is § 508.040 fixing venue in St. Louis County where it maintains an office for the transaction of its usual business. We find respondent's arguments unpersuasive.

Section 407.546 entitles the purchaser of an automobile to recover three times the amount of the purchaser's actual damages plus costs and attorney's fees from a person, including a corporation, who, with intent to defraud, violates any of the proscriptions of the Odometer Fraud Act, § 407.511–407.556. Section 407.546.2 expressly provides that such an action "may be brought in the circuit court where defendant resides or may be found or where the transfer of the ownership of the motor vehicle occurred,...."

■ Respondent's amended order is based upon his express conclusion that "§ 407.546 does apply to this action but that the defendant [FMCC] does not reside in the City of St. Louis...." In so ruling, respondent was clearly in error. "The location or residence of any corporation shall be deemed for all purposes to be in the

1. Unless otherwise noted all statutory references are to RSMo.1986.

county where its registered office is maintained." § 351.375.3. FMCC does not dispute that under this statute it must be deemed to reside in the City of St. Louis where it maintains its registered office and agent. Rather, contrary to the express finding of respondent, it argues that § 407.546 does not govern the issue of venue in a case in which a corporation is the sole defendant. The argument focuses upon the mandatory language of the general corporate venue statute, § 508.040, that "suits against corporations *shall* be commenced in the county where the cause of action accrued ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." (emphasis added). This mandatory language, FMCC contends, supersedes the permissive language of § 407.546.2, that suit *may* be brought where the defendant resides or may be found. We disagree.

 Basic rules of statutory interpretation refute FMCC's argument. Section 508.040, enacted in its present form in 1939, establishes venue in any type of civil action brought against a corporation. Section 407.546.2, enacted in 1983, fixes venue in a specific type of civil action, odometer fraud. The more specific of the two statutes and the later enacted statute prevails. *Hollis v. Director of Revenue,* 792 S.W.2d 44, 46 (Mo.App.1990). General rules establishing venue are subject to specific statutes which place venue elsewhere. *State ex rel., Wasson v. Schroeder,* 646 S.W.2d 105, 107 (Mo. banc 1983). To the extent that § 407.546.2 broadens and is in conflict with the limited venue provision of § 508.-040, the later expression of the legislature on the subject must control. *Morrow v. City of Kansas City,* 788 S.W.2d 278, 281 (Mo. banc 1990); *Colabianchi v. Colabianchi,* 646 S.W.2d 61, 63 (Mo. banc 1983). For purposes of odometer fraud, the legislature expressly included corporations within the definition of the word "person". § 407.511(3). We refuse to distinguish between natural persons and corporations in so far as venue is concerned in an action brought pursuant to the act.

Although set forth in separate counts, relators amended petition states a single claim for the recovery of damages resulting from a false and misrepresented odometer reading. The two different theories of recovery alleged do not constitute separate and divisible causes of action. Therefore, our determination that venue is proper in the Circuit Court of the City of St. Louis pursuant to § 407.546.2 renders it unnecessary for us to address FMCC's contention of pretensive joinder.

Our preliminary writ prohibiting respondent from ordering the transfer of the underlying cause to the Circuit Court of St. Louis County is made permanent.

GRIMM and PUDLOWSKI, JJ., concur.