STATE of Missouri ex rel. Carla FORD, et al., Appellants,

v.

Carl WENSKAY, Respondent.

No. 59883.

Missouri Court of Appeals, Eastern District, Southern Division.

Jan. 7, 1992.

Motion For Rehearing and/or Transfer to Supreme Court Denied Feb. 10, 1992.

Richard Goldstein, Cape Girardeau, for appellants.

Kenneth C. McManaman, Cape Girardeau, for respondent.

CRIST, Judge.

Plaintiffs appeal a judgment for Defendant in a suit brought under the Uniform Paternity Act. We reverse and remand.

On April 3, 1987, the State of Missouri brought a common-law paternity declaratory judgment suit on behalf of the child, the mother, and the Division of Family Services against Father. Plaintiffs voluntarily dismissed this suit over Defendant's objections after two jury panels were dismissed.

On October 20, 1989, the State filed another paternity suit against Defendant on behalf of the same parties, pursuant to § 210.817 et seq. (The Uniform Parentage Act). The Uniform Parentage Act was enacted July 15, 1987. Section 210.852 of the Uniform Parentage Act provides: "Unless agreed to by the parties and the court, the provisions of sections 210.817 to 210.852 shall not apply to proceedings to determine paternity commenced prior to July 15, 1987." However, Defendant moved that the case be heard pursuant to common-law declaratory judgment. The trial court granted the motion. At trial, the jury found for Defendant.

On appeal, Plaintiffs' third point relied on is dispositive. In this point, Plaintiffs submit the trial court erred in refusing to allow the case to proceed under the Uniform Parentage Act (UPA). They further contend they were thereby prejudiced because the UPA specifically allows the admission of blood test results and expert testimony on the probability of a defendant's paternity. § 210.836, RSMo 1989. At trial, the court excluded the expert's testimony and the results of the blood tests.

A remedial statute is one "enacted for the protection of life and property, or which introduce[s] some new regulation conducive to the public good." *City of St. Louis v. Carpenter,* 341 S.W.2d 786, 788[1] (Mo.1961). The UPA is a remedial statute, based on a need to protect the minor. *Ritter v. State,* 494 So.2d 76, 80[10] (Ala.Cir. App.1986); *Matter of Burley v. Johnson,* 33 Wash.App. 629, 658 P.2d 8, 12[6] (1983). Remedial statutes should be construed liberally to include those cases which are within the spirit of the law and all reasonable doubts should be construed in favor of applicability to the case. *Roosevelt Federal Savings & Loan Assoc. v. Crider,* 722 S.W.2d 325, 328[2, 3] (Mo.App.1986); *State ex rel. LeFevre v. Stubbs,* 642 S.W.2d 103, 106[3, 4] (Mo.banc 1982). Because the UPA is remedial, and the case was explicitly brought under the UPA, the trial court was in error in granting Defendant's motion to proceed under the common law.

Having found reason to reverse and remand on this point, we do not review Plaintiffs' other assertions of error. At a new trial, these problems may or may not arise.

Reversed and remanded for a new trial.

CARL R. GAERTNER, C.J., and SIMON, J., concur.