**WASHINGTON UNIVERSITY, Respondent,**

v.

**ASD COMMUNICATIONS, INC., Appellant.**

**No. 59231.**

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 14, 1992.

John J. Campbell, David L. Campbell, St. Louis, for appellant.

Robert E. Staed, St. Louis, for respondent.

CRIST, Judge.

ASD Communications, Inc. (ASD), appeals the denial of its motion to quash execution and to set aside default judgment and its motion to dismiss. We reverse without prejudice to refile.

On February 24, 1989, Washington University filed suit in the Circuit Court of the City of St. Louis against Office Information Systems, Inc. (OIS), a corporation authorized to do business in Missouri, for breach of contract regarding the sale of a defective laser printer by OIS to Washington University. On July 3, 1989, OIS filed its notice of bankruptcy and proceedings against it were stayed. In September 1989, Washington University filed an amended petition adding ASD as a party defendant. Washington University sought judgment against ASD under the theory of successor liability.

A copy of the summons and amended petition were served at ASD's office in St. Louis County on September 26, 1989. ASD failed to file an answer. On January 4,

1990, Washington University obtained an Interlocutory Order of Default against ASD. Default and inquiry was conducted, and the trial court entered default judgment in the amount of $18,774.94 against ASD on January 24, 1990.

On March 28, 1990, a writ of execution against ASD was issued. On April 13, 1990, ASD filed its motion to quash execution and to set aside default judgment. The motion alleged the trial court did not have personal jurisdiction, that venue was improper, and that ASD had a meritorious defense. On August 14, 1990, ASD filed a Motion to Dismiss which also alleged lack of personal jurisdiction and improper venue. On September 19, 1990, a hearing was conducted on the motions filed by ASD. Exhibits were filed and one witness testified for ASD. The trial court denied ASD's motions.

■ Among other complaints on appeal, ASD contends venue was improper. Section 508.040, RSMo 1986, governs the issue of venue in this case. It provides that suits against corporations may be commenced in the county where the cause of action accrued. In its amended petition, Washington University alleged it was located in the City of St. Louis. It further stated it purchased a laser printer from OIS, that the printer was defective, and that OIS refused to make restitution. However, the amended petition nowhere states where the offer and acceptance occurred, where the printer was delivered, or any other facts which might show that the cause of action accrued in the City of St. Louis.

At the hearing on the motions, the parties stipulated that "the eastern portion" of the Washington University campus is located in the City of St. Louis. There was evidence that the printer was delivered to the main campus, and that OIS sent its bills to the main campus.

Unfortunately, however, the record shows that delivery of the printer was made to Room 20 of South Brookings Hall. South Brookings Hall, Washington University's administrative building, is in St. Louis County. While the eastern portion of Washington University's main campus is located in the City of St. Louis, that portion is composed of one building and some parking lots. The cause of action did not accrue in the City of St. Louis.

■ Washington University claims that even if a venue problem does exist, ASD waived it by failing to respond to Washington University's First Amended Petition. No waiver of venue can have occurred in this case. The rule in Missouri is that no waiver occurs when the Defendant has made no appearance and thus was not before the court. *Sullenger v. Cooke Sales & Service Co.*, 646 S.W.2d 85, 88[4, 5] (Mo. banc 1983). Defendant raised the issue as soon as Defendant was before the court.

■ Plaintiff also contends that if the trial court did not have venue over Defendant ASD independently, it still had venue because venue was proper as to OIS, and Plaintiff's claim against ASD was properly joined. Plaintiff's assertion is incorrect. Washington University originally filed suit against OIS. In response to Plaintiff's Petition, OIS filed a notice of bankruptcy without challenging venue in any way. Plaintiff argues that because OIS waived the venue privilege, venue was proper as to OIS. Plaintiff submits that venue was therefore proper over ASD because a court has venue over all corporate defendants if there is venue over any one of them. *State ex rel. Todd v. Romines*, 806 S.W.2d 690, 691[2] (Mo.App.1991). However, venue was never proper over OIS. OIS could waive venue as to itself, but because venue is a personal privilege, *Ballard v. Ryan*, 646 S.W.2d 398 (Mo.App.1983), OIS's waiver could not make venue proper as to ASD.

We therefore reverse the denial of ASD's motion to quash execution and set aside the default judgment because of improper venue in this case. We reverse the denial of ASD's motion to dismiss. However, this dismissal is without prejudice to Washington University to refile.

Judgment reversed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.