**STATE of Missouri, ex rel. Bonnie Jill VAUGHN, Relator,**

v.

**Honorable Jack KOEHR, Respondent.**

**No. 61733.**

Missouri Court of Appeals,
Eastern District,
Writ Division Six.

July 21, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Aug. 12, 1992.

Application to Transfer Denied
Sept. 22, 1992.

Linda Hahn, St. Louis, for relator.

Robert A. Wulff, Paul E. Kovacs, St. Louis, Wade Hamp Ford, Jr., Columbia, Patricia Manhart, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

Relator, Bonnie Jill Vaughn, filed a medical malpractice action in the Circuit Court of the City of St. Louis. Named as defendants were Doerhoff Surgical Services, P.C., Jefferson City Bone and Joint Clinic, Inc., and SSM Healthcare d/b/a St. Mary's Health Center of Jefferson City, Missouri (SSM). SSM filed a motion to dismiss, claiming that venue was not proper in the City of St. Louis. Specifically, SSM argued that as a not-for-profit corporation the corporate venue statute, § 508.040 RSMo. 1986, did not apply and venue was proper only where SSM maintains its registered office. The trial court granted the motion and transferred the case to St. Louis Coun-

---

ty. Relator applied for a writ of mandamus. We issued a preliminary order which we now make absolute.

■ Section 476.410 RSMo.Cum.Supp. 1991, authorizes the transfer of a cause to a circuit in which it could have been brought only if venue is improper in the circuit court in which the case was filed. *State ex rel. Mellenbruch v. Mummert,* 821 S.W.2d 108, 109 (Mo.App.1991). A writ of mandamus is an appropriate remedy to reinstate a petition erroneously transferred for improper venue. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 197 (Mo. banc 1991).

The alleged tort giving rise to the underlying cause of action occurred in Cole County. Doerhoff Surgical Services and Jefferson City Bone and Joint Clinic, Inc., are corporations maintaining both registered agents and offices for the transaction of their usual and customary business in Cole County. SSM is a not-for-profit corporation engaged in the business of providing health care services. SSM maintains its registered agent in St. Louis County, and by respondent's admission in his answer to relator's petition, operates a hospital in the City of St. Louis.

Relator argues that venue was proper in the City of St. Louis because SSM maintains an office for the transaction of its usual and customary business in the City of St. Louis. Relator further argues that § 508.040 is the applicable venue statute because all three defendants are corporations. On the other hand, respondent claims that venue is improper in St. Louis City. Specifically, SSM argues venue is proper in St. Louis County under the general venue statute, § 508.010 RSMo.1986, because § 508.040 does not apply to not-for-profit corporations.

■ The foundation of respondent's argument is the provision in § 355.170.1(2) of the Missouri Not–For–Profit Corporation Act: "The location or residence of any corporation shall be deemed for all purposes to be in the county where its registered office is maintained." Respondent argues that this language establishes the county of residence of a not-for-profit corporation

for purposes of venue. We agree. In like fashion, the identical language contained in § 351.375.3 establishes the county of residence of a general business corporation for purposes of venue. However, when all defendants are corporations, residence is immaterial. *Rothermich,* 816 S.W.2d at 197. The corporate venue statute, § 508.040, provides for venue in the county where any one of the corporate defendants keeps an office or agent for the transaction of its usual and customary business. Residence is not considered under § 508.040.

■ The clear, unambiguous language of § 508.040 applies to all corporations. We reject respondent's suggestion that we look beyond the language of the statute to hold that for venue purposes a not-for-profit corporation is not a corporation. If the legislature had intended that not-for-profit corporations be treated differently than general business corporations for purposes of venue, it could have easily so ordained.

Moreover, in *State ex rel. Auto Club, etc., v. Gaertner,* 636 S.W.2d 68, 74 (Mo. banc 1982), our Supreme Court found that an inter-insurance exchange operating as an unincorporated association was a statutory entity under Missouri law and, therefore, subject to § 508.040, the venue statute applicable to corporations. If an unincorporated association, treated as a suable entity under Missouri statutes, is considered a corporation for venue purposes and subject to § 508.040 rather than 508.010, then, *a fortiori,* a not-for-profit corporation is also a corporation for venue purposes.

SSM's corporate purpose, as set forth in its corporate charter, is the provision of health care services. Respondent's pleadings admit that SSM operates a hospital within the City of St. Louis. Accordingly, SSM has an office for the transaction for its usual and customary business in the City of St. Louis and venue is proper pursuant to § 508.040. Respondent exceeded his jurisdiction by transferring this case to the Circuit Court of St. Louis County.

For the foregoing reasons this Court issues its peremptory writ in mandamus and orders the respondent to vacate and set aside his order transferring this cause to the Circuit Court of St. Louis County and that said cause be reinstated for a determination on the merits in the Circuit Court of the City of St. Louis.

GRIMM, P.J., and PUDLOWSKI, J., concur.