THIGPEN, Judge,
dissenting.
I respectfully dissent.
The majority opinion states that Steeley was denied an opportunity to present adverse evidence because he contends that he did not receive notice of the motion for summary judgment and that no hearing was held on the motion. I disagree.
Although Steeley claims that he did not receive notice of the motion for summary judgment, Citicorp asserts that it properly served Steeley by mailing a copy of the motion to the same address and in the same manner as all previous pleadings. A certificate of service, sworn by counsel for Citicorp and attached to the motion for summary judgment, indicating Steeley’s address, appears in the record. The record discloses that approximately ten documents were sent to Steeley at that address, by either Citicorp or the trial court. Steeley does not dispute that the address was proper or that he had received all prior and subsequent pleadings and orders relating to the case at that same address. It is noteworthy that the order granting summary judgment was also sent to and received by Steeley at that address.
Rule 5, A.R.Civ.P., clearly provides that service of every pleading subsequent to the original complaint is proper upon mailing the pleading to the party at his last known address. It states that “service by mail is complete upon mailing.” Rule 5(b), A.R.Civ.P. See also Hayes v. Hayes, 472 So.2d 646 (Ala.Civ.App.1985). Steeley’s unsupported assertion that he did not receive notice is insufficient to overcome Citicorp’s certification of service by mail. This certification is strengthened by Steeley’s own admission that he received all other notices. From these facts, it appears that Steeley was properly served with notice from Citicorp of its motion for summary judgment. There is simply no evidence in the record upon which one could conclude otherwise. To conclude differently is to establish the proposition that a party must prove that every filing was, in fact, received by the opposing party; otherwise, the opponent may escape judgment simply by saying “I did not receive it!”
Steeley did not receive notice from the trial court of a hearing on the motion because no hearing was scheduled. A trial court is not required to schedule a hearing on a summary judgment motion. Hicks, supra. Although Steeley was harmed by the entry of summary judgment, the harm was self-inflicted. Steeley, a pro se litigant, merely neglected his duty; i.e., litigants “must keep track of their case.” Bowman v. Pat’s Auto Parts, 504 So.2d 736, 737 (Ala.Civ.App.1987). The law is well settled that once in court, whether by filing an answer or other pleading, a party has a duty to follow his or her case. Bowman, supra. See also Wetzel v. Birmingham Electric Co., 250 Ala. 267, 33 So.2d 882 (1948); Bowman v. Slade, 501 So.2d 1236 (Ala.Civ.App.1987); Ritter v. State, 494 So.2d 76 (Ala.Civ.App.1986); and D. & J. Mineral & Mining, Inc. v. Wilson, 456 So.2d 1099 (Ala.Civ.App.1984).
It does not appear of record that the trial court acted arbitrarily or hastily in granting summary judgment approximately two months after the motion was filed. Steeley had ample time and opportunity to respond, had he properly followed his case.
When a party undertakes to proceed pro se, he must comply with legal procedure and court rules. Courts are no more forgiving to a pro se litigant than to one represented by counsel. Black v. Allen, 587 So.2d 349 (Ala.Civ.App.1991). By affidavit filed ten days after his motion for reconsideration, Steeley stated that he “had intended to retain counsel to defend this action,” and “would have responded promptly” if he had known of the pending summary judgment motion. Even on appeal, however, Steeley represents his own interests. He is not entitled to be accorded any special leniency for choosing to do so. Neither a pro se litigant nor one represented by counsel can simply ignore an important pleading or fail to monitor his own case without repercussion.
*644 At the trial court level, Steeley neither requested nor received a hearing on his motion for reconsideration. He did not contend that denial of that motion without a hearing was improper, and he does not argue on appeal that his motion was improperly denied by the trial court.
Although the result I would reach seems harsh, based upon the foregoing it is my opinion that summary judgment was the legally correct disposition of this case. Therefore, I must respectfully dissent.