STATE of Missouri ex rel. William H. WATTS, Relator,

v.

Honorable Cody A. HANNA, Associate Circuit Judge, Dallas County, Missouri, Respondent.

No. 18914.

Missouri Court of Appeals, Southern District, Division One.

Jan. 6, 1994.

Mike Holzknecht, Lee's Summit, for relator.

Mel Gilbert, Buffalo, for respondent.

### PROCEEDING IN MANDAMUS

SHRUM, Judge.

This proceeding in mandamus presents the question of whether § 210.829.4, RSMO Supp.1987 (the venue provision in Missouri's "Uniform Parentage Act", §§ 210.817–.852), gives venue priority to the county of residence of the mother and child so that a circuit court is empowered under § 476.410, RSMo Supp.1990, to order a paternity action transferred from the county of residence of the alleged father, who filed the action, to the county where the mother and child reside. We answer, no.

A preliminary issue is whether a writ of mandamus is an appropriate remedy by which to reinstate a lawsuit erroneously transferred for improper venue when the transfer has already occurred. We answer that question, yes.

We issue our peremptory writ of mandamus.

### FACTS

The relator, William H. Watts, filed a paternity action in circuit court in Dallas Coun-

ty seeking a declaration that he is the father of a minor child. In his petition, the relator alleged that he was a Dallas County resident and that the mother and child were Iron County residents. The mother filed a motion claiming that venue did not lie in Dallas County. The respondent judge sustained the mother's motion on June 15, 1993, and, based on § 476.410,[1] transferred the case to Iron County. Physical transfer of the file to Iron County occurred June 21, 1993.

The relator applied for a writ of mandamus on July 6, 1993. We issued our preliminary order directing the respondent to answer the relator's petition; the respondent's answer and suggestions in support of the answer have been filed.

### DISCUSSION AND DECISION

*Mandamus as an Appropriate Remedy*

As a preliminary matter, the respondent argues that mandamus is not an appropriate remedy because the transfer of the case from Dallas County to Iron County was wholly accomplished before the relator applied for a writ of mandamus, and the respondent has no authority to recall the case from Iron County. For the reasons that follow, we conclude mandamus is appropriate.

■ Venue in Missouri is determined solely by statute. *State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 196[2] (Mo. banc 1991). Section 476.410 authorizes a circuit judge to transfer a case to another circuit in which it could have been brought but only if venue is improper in the circuit court in which the case was filed. *State ex rel. Vaughn v. Koehr,* 835 S.W.2d 543, 544[1] (Mo.App.1992); *State ex rel. Mellenbruch v. Mummert,* 821 S.W.2d 108, 109[1] (Mo.App. 1991). It follows that if venue was proper in Dallas County, the respondent acted in excess of his jurisdiction[2] under § 476.410 in

1. § 476.410, RSMo Supp.1989, provides, "The division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought."

2. We use the phrase "acted in excess of his jurisdiction" in the sense that actions taken and orders entered by a trial court are void when the

trial court lacks statutory authority to grant the particular relief, even though the court might otherwise have jurisdiction over both the subject matter and the parties. *Aetna Ins. Co. v. O'Malley,* 342 Mo. 800, 118 S.W.2d 3, 9–10 (banc 1938). *See also In re Cook,* 691 S.W.2d 243, 245 (Mo. banc 1985); *In Interest of D.L.D.,* 701 S.W.2d 152, 159[13] (Mo.App.1985); *In Re Es-*

transferring the case to Iron County. *Mellenbruch*, 821 S.W.2d at 109.

■ Mandamus is available as a remedy to compel the undoing of certain things wrongfully done, including reinstatement of an action erroneously transferred for improper venue, *Vaughn*, 835 S.W.2d at 544[1]; *State ex rel. Todd v. Romines*, 806 S.W.2d 690, 691[1] (Mo.App.1991), or reinstatement of a petition erroneously dismissed for improper venue. *Rothermich*, 816 S.W.2d at 197[4].

If venue of this case properly lay in Dallas County, all steps taken by the respondent to transfer the case to Iron County were void. *Mellenbruch*, 821 S.W.2d at 109. *See Aetna*, 118 S.W.2d at 9–10. *See also Cook*, 691 S.W.2d at 245; *Interest of D.L.D.*, 701 S.W.2d at 159; *Patterson*, 652 S.W.2d at 254. Thus, the Iron County Circuit Clerk would have possession of the file pursuant to an invalid order. Under these circumstances, a writ of mandamus is an appropriate means by which we may order the respondent to vacate his order of transfer to Iron County and to reinstate the case in Dallas County for a determination on the merits.[3] *Vaughn*, 835 S.W.2d 543; *Mellenbruch*, 821 S.W.2d 108; *Todd*, 806 S.W.2d 690. *See also Rothermich*, 816 S.W.2d 194.

*Venue under the Uniform Parentage Act*

■ There is no dispute concerning the applicability of § 210.829.4, which provides, in pertinent part, "An action brought under sections 210.817 to 210.852 may be brought in the county in which the child resides, the mother resides, or the alleged father resides...." The relator's averment that he is a resident of Dallas County is not denied by the respondent. The respondent contends, however, that § 210.829.4 gives venue priority to the county where the mother and child reside.

To support his argument the respondent first cites *State ex rel. Ford v. Wenskay*, 824 S.W.2d 99, 100 (Mo.App.1992), for the principle that "[t]he UPA is a remedial statute, based on a need to protect the minor." Rely-

ing on that principle and his observation that the alleged father is listed last and follows the word "or" in § 210.829.4, he argues it is "abundantly clear that [§ 210.829.4] is listed in priority status of counties in which the action may be filed." Additionally, he argues, § 210.289.4 "appears clear that the action should be filed in a convenient forum where the mother and child reside, if at all possible.... If there is no county in which the mother and child reside, then, and only then, would the last portion of the venue statute come into play," namely, where the alleged father resides. For reasons that follow, we reject the respondent's argument.

■ When the language of a statute is unambiguous and conveys a plain and definite meaning, " 'the courts have no business foraging among ... rules [of construction] to look for or impose another meaning.' " *Matter Of Estate Of Thomas*, 743 S.W.2d 74, 76[2] (Mo. banc 1988) (quoting *DePoortere v. Commercial Credit Corporation*, 500 S.W.2d 724, 727[1] (Mo.App.1973)). "When statutes are '[w]ithout ambiguity, courts should regard laws as meaning what they say; the General Assembly is presumed to have intended exactly what it states directly and unambiguously,' " *Estate Of Thomas*, 743 S.W.2d at 76 (quoting *DePoortere*, 500 S.W.2d at 727). Appellate courts must be guided by what the legislature said, not by what courts think it meant to say. *Metro Auto Auction v. Director of Revenue*, 707 S.W.2d 397, 401[6] (Mo. banc 1986); *White v. American Republic Ins. Co.*, 799 S.W.2d 183, 189[3] (Mo.App.1990).

Contrary to the respondent's claims, nowhere does § 210.829.4 assign venue priority; it simply lists disjunctively three potential venues. In its ordinary sense the disjunctive "or" indicates an alternative and " 'generally corresponds to the word "either".' " *See Boone County Court v. State*, 631 S.W.2d 321, 325[9] (Mo. banc 1982) (quoting *Council Plaza Redevelopment Corp. v. Duffey*, 439 S.W.2d 526, 532[5] (Mo. banc 1969)). " 'The

*tate of Patterson*, 652 S.W.2d 252, 254 (Mo.App. 1983).

**3.** If physical possession of the file becomes an issue or if the respondent is unable to fully rein-

state the case for reasons over which he has no control, the relator can then determine how to further deal with such impediments to our order.

word "or" is disjunctive in its very nature, and ... infers [sic] one or the other...." *Longacre v. Knowles,* 333 S.W.2d 67, 70 (Mo. 1960) (quoting *Hemphill v. Jackson,* 306 S.W.2d 610, 615 (Mo.App.1957)). Had the legislature intended the venue alternatives to be listed in order of priority, it would have so stated. *See, e.g., In Re Marriage of Barnes,* 855 S.W.2d 451, 455 (Mo.App.1993), and *Margolin v. Margolin,* 796 S.W.2d 38, 50 (Mo.App.1990) (legislature in § 452.375.4, RSMo Supp.1988, established a particular order in which trial courts are to consider child custody arrangements).

The respondent does not develop his argument that his construction of § 210.289.4 is necessary "to protect the minor," other than to call our attention to *Ford,* 824 S.W.2d 99. In *Ford,* the court of appeals held the trial court erred when it tried a case brought under Missouri's Uniform Parentage Act as a common law declaratory judgment action. *Id.* at 100. Venue was not an issue.

Nor does the respondent develop his "convenient forum" argument. In *Willman v. McMillen,* 779 S.W.2d 583, 586 (Mo. banc 1989), our supreme court held that the doctrine of *forum non conveniens* has no intrastate application in Missouri. *Anglim v. Missouri Pacific R.R. Co.,* 832 S.W.2d 298, 302 (Mo. banc), *cert. denied,* —— U.S. ——, 113 S.Ct. 831, 121 L.Ed.2d 701 (1992). Nothing in the Missouri UPA suggests that *forum non conveniens* principles be applied to actions brought under its provisions.

We conclude that the respondent exceeded his jurisdiction by transferring this case from Dallas County to the circuit court of Iron County. We now issue our peremptory writ of mandamus by which we order the respondent to vacate his order transferring this case to the circuit court of Iron County and to reinstate the case in the circuit court of Dallas County.

PARRISH, C.J., and MONTGOMERY, J., concur.