Joe MILLER and Julia Miller,
Plaintiffs/Appellants,

v.

SSI GLOBAL SECURITY SERVICE,
d/b/a Scientific Security, Inc.,
Respondent/Respondent.

No. 65656.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 20, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 25, 1995.

Application to Transfer Denied
March 21, 1995.

James H. Bell, Kansas City, Ellen Levy
Siwak, Rosenblum, Goldenhersh, Silverstein
& Zafft, P.C., Clayton, for appellant.

John A. Michener, Evans & Dixon, St.
Louis, for respondent.

KAROHL, Judge.

Plaintiffs, Joe and Julia Miller, appeal
from a summary judgment in favor of defen-

dant, SSI Global Security Service d/b/a Scientific Security, Inc. (SSI) on their claims for personal injury and spousal disability sustained when on April 13, 1988, Joe Miller went to National Supermarkets, Inc. located at 1030 Cass Avenue, St. Louis, Missouri. A group of unknown persons assaulted him while he was on National's parking lot. On May 7, 1987, SSI contracted with National to protect the customers from criminal acts. The contract was in effect on April 13, 1988.

In 1988 the Millers filed a personal injury negligence lawsuit against National based on a breach of duty owed to invitees. The Millers relied on the violent acts exception to the rule that a business is not liable to business invitees for violent acts of third parties. National moved to transfer the case to the United States District Court, Eastern District of Missouri. National then filed a motion to strike and to dismiss the petition for failure to state a cause of action. National's motion alleged the Millers had failed to allege sufficient facts to invoke the violent acts exception. On January 16, 1990, the District Court sustained the motion and dismissed the cause with prejudice on the grounds that there were insufficient facts to invoke the violent acts exception to the non-liability rule. Nothing else was decided.

In 1992 the Millers filed this lawsuit against SSI on a claim of negligence and breach of a contractual duty owed to customers. The Millers alleged SSI owed them protection as third-party beneficiaries of the May 7, 1987 contract between SSI and National. The agreement's purpose is "to provide National with a system of protection for its customers, employees and its assets against certain hazards." Paragraph six of the agreement states as follows:

LIABILITY: Security Provider hereby agrees to indemnify and save National harmless from any loss or liability arising out of the acts or omissions of Security Provider, its agents and/or employees on any part of National's premises including but not limited to parking lots and store interior. Security Provider agrees that it will undertake at its cost and expense the defense of any claim based on the acts or omissions of Security Provider, its employees and/or agents on the premises owned or controlled by National, regardless of by whom or against whom the claim is made. No expense or cost shall be incurred by National. Said acts by Security Provider, its agents and/or employees for which Security Provider agrees to indemnify National include, but are not limited to: assault and/or battery, false arrest, malicious prosecution, defamation, civil rights violations, prima facie tort, negligence and personal injury.

In 1993 SSI filed a motion for summary judgment based on (1) the failure of the petition to state a cause of action, (2) collateral estoppel resulting from the Millers' suit against National, and (3) improper splitting of a cause of action. On January 14, 1994, the court granted summary judgment in SSI's favor based on two grounds: (1) collateral estoppel and (2) improper splitting of a cause of action. By implication the court overruled the allegation the petition failed to state a cause of action.

The Millers' first point on appeal is the trial court erred in granting summary judgment based on collateral estoppel because this doctrine only applies when the issues and the parties in the prior adjudication are the same as the issues and the parties in the present action.

When considering appeals from summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). Our review is essentially *de novo*. The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The propriety of summary judgment is purely an issue of law. Because the trial court's judgment is founded on the record submitted and the law, an appellate court need not defer to the trial court's order granting summary judgment. *Id.*

In reviewing whether the application of collateral estoppel is appropriate, we con-

sider: (1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. *Geringer v. Union Electric Company,* 731 S.W.2d 859, 865 (Mo. App.1987).

█ The issue decided in the tort claim against National is not the issue presented in the present case against SSI. In the former case, the theory of National's tort liability was based on the violent acts exception to the rule that a business is not liable to invitees for violent acts of third parties. In the present case, the theory of SSI's liability is breach of a duty assumed in the contract between National and SSI. The Millers' petition alleges they are third-party beneficiaries of this agreement. As a matter of law SSI *may* have a duty to protect National's patrons from criminal assaults. *Brown v. National Supermarkets, Inc.,* 679 S.W.2d 307, 310 (Mo.App.1984). Disposition of the suit against National on the basis plaintiff had no tort claim does not offer SSI an estoppel defense. Summary judgment on this ground was inappropriate.

The Millers' second point on appeal is the trial court erred in granting summary judgment based on improper splitting of a cause of action because the negligence claim and the contract claim did not arise out of the same act, contract or transaction. In their view, the parties, subject matter and evidence are not the same.

█ A plaintiff may not split a cause of action and try a single claim piecemeal against different defendants one by one. *State ex rel. Todd v. Romines,* 806 S.W.2d 690, 692 (Mo.App.1991). A claimant may, however, bring separate and distinct causes of action separately, even if they arise out of the same transaction. *Id.* The test for determining whether or not a cause of action is single, and cannot be split, is: (1) whether the separate actions brought arise out of the same act, contract, or transaction; or (2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions. *Id.*

The tort claim and the contract action involve the same assault and injuries. However, the parties, the subject matter and the required proof of the allegations in the petition are different in the two cases.

The parties are not the same. The negligence action named National as the defendant based on an alleged breach of a duty it owed to Joe Miller, whereas the contract action named SSI as the defendant based on breach of a contractual duty it agreed to assume. The contract suit will involve issues concerning the agreement between National and SSI that were not a part of the tort action against National. Thus, the Millers' causes of action are separate and distinct. The trial court erred in granting summary judgment based on improper splitting of a cause of action.

Respondent's motion for frivolous appeal damages is denied.

Reversed and remanded.

AHRENS, P.J., and SIMON, J., concur.