Mrs. Barry KAYES, Plaintiff–Appellant,

v.

Dr. Jack KAYES and Fireman's Fund Insurance Co., Defendants–Respondents.

No. 66109.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 28, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 3, 1995.

Application to Transfer Denied
May 30, 1995.

**52**

James E. Hullverson, Jr., The Hullverson Law Firm, St. Louis, for appellant.

Denis C. Burns, John B. Singleton, Godfrey, Vandover & Burns, Inc., St. Louis, for respondent Dr. Kayes.

Pamela M. Triplett, Kleinschmidt, Przybeck & Frayne, St. Louis, for respondent Fireman's Fund Ins. Co.

KAROHL, Judge.

Plaintiff, Mrs. Barry Kayes, (we adopt names as used in the petition) appeals after the court dismissed a suit against her husband, Dr. Jack Kayes, and Fireman's Fund Insurance Co. (Fireman's Fund), his automobile liability insurance company. She sued to recover the balance of her personal injury damages that were determined by a jury in a previous suit in which she and her husband were plaintiffs against Cynthia Manning in Colorado. The verdict was for total damages of $160,000 and found Manning 90% at fault, Dr. Kayes 10% at fault. There was also a verdict in favor of Dr. Kayes for his personal injuries. The trial court dismissed Mrs.

Kayes' petition. It found her claim was barred because she split her cause of action in not making her claim against Dr. Kayes in the suit against Ms. Manning. The parties have agreed other grounds alleged in defendants' motion to dismiss (statute of limitations and estoppel) will not support a judgment of dismissal.

The facts of this case are undisputed. On October 19, 1991, Dr. Kayes was driving a rented car on a two-lane mountain road in Colorado. Mrs. Kayes occupied the right front seat. An oncoming car, driven by Cynthia Manning, drove onto the wrong side of the road. To avoid a head-on collision, Dr. Kayes swerved into the opposite, or "wrong," lane. While Dr. Kayes reacted to Ms. Manning's action, Ms. Manning tried to correct her original error by swerving back into her "correct" lane. The two vehicles then collided. Dr. and Mrs. Kayes sustained serious injuries. Mrs. Kayes suffered a broken neck.

Subsequently, Dr. and Mrs. Kayes, both residents of Missouri, brought a personal injury damage suit against Ms. Manning, a resident of New York, in the United States District Court in Denver, Colorado. The jury rendered a "special verdict" assessing 90% fault to Ms. Manning and 10% fault to Dr. Kayes. Further, the jury found Dr. Kayes' damages to be $35,000 and Mrs. Kayes' damages to be $160,000. The judge entered a judgment of $106,066.40 in favor of Mrs. Kayes against Ms. Manning. This amount was based on Manning's "several liability" under Colorado tort comparative fault law after allowing offsets authorized by Colorado statute. Colorado allows a negligent defendant to have credit for third-party payments to a plaintiff.

Mrs. Kayes did not recover total damages because Dr. Kayes was found 10% at fault. She then filed suit in the Circuit Court of St. Louis County on October 19, 1993, against her husband and his insurer, Fireman's Fund, for a "Declaratory Judgment on Judgment of Contribution, Personal Injury, Motor Vehicle, from Colorado." The present suit is not a tort claim based on allegations of negligence. Mrs. Kayes' petition appears to rely on the doctrine of collateral estoppel, applied

offensively, with respect to Dr. Kayes' 10% liability that was established in the Colorado federal court trial and the determination of $160,000 as her proven damages. She sued Fireman's Fund after it refused to accept these findings as legally binding on Dr. Kayes or itself and pay the balance of Mrs. Kayes' claim against her husband.

 In reviewing a motion to dismiss, we will examine the pleadings, allowing them their broadest intendment, treating all facts alleged as true, and construing allegations favorable to plaintiff to determine whether they invoke principles of substantive law. *Aiello v. St. Louis Community College District*, 830 S.W.2d 556, 558 (Mo.App.E.D.1992). Here, we find the trial court erred in dismissing the petition on the ground Mrs. Kayes' suit against her husband was barred because a negligence claim against Dr. Kayes was not included in the original suit against Ms. Manning. The doctrine against splitting a cause of action does not apply.

Mrs. Kayes claims the trial court erred in dismissing her suit against her husband on the ground she improperly "split" her cause of action by suing only Ms. Manning in the first suit. In support of this, Mrs. Kayes claims that (1) because Dr. Kayes was a plaintiff, not a defendant, in the Colorado suit, the legal maxim against "splitting" a cause of action does not apply, and (2) under both Colorado and Missouri law, Mrs. Kayes had the right to establish her rights against Ms. Manning by settlement or judgment and then sue Dr. Kayes separately for his separate proportionate liability to her for the injuries she sustained in the collision.

The argument that Mrs. Kayes improperly "split" her cause of action is without merit for several reasons. First, the suit against Manning was based on a negligence tort claim. The present suit does not allege tort liability. It appears to claim Dr. Kayes is liable for a previously determined sum because Mrs. Kayes' damages and his partial fault were determined in a suit where he appeared as a plaintiff for his own personal injuries. A jury found him 10% at fault for

their damages. She claims he owes her the balance because she has not recovered all her damages from Manning. The two suits are not based on a tort claim for the same injuries. The pleaded theories were not the same. *See Miller v. SSI Global Security Service*, 892 S.W.2d 732, 733–734 (Mo.App. E.D.1994).

 Second, the splitting of a cause of action is prohibited only where the actions are *between* the same parties. *Lee v. Guettler*, 391 S.W.2d 311, 313 (Mo.1965). Thus, the cases cited by Dr. Kayes and Fireman's Fund are not decisive. They state the general rule against splitting a cause of action and the test for determining whether the cause is single: (1) whether separate actions brought arise out of the same act, contract, or transaction, or (2) whether the parties, subject matter, and evidence necessary to sustain the claim are the same in both actions. *Geringer v. Union Electric Co.*, 731 S.W.2d 859, 865 (Mo.App.1987); *Eugene Alper Construction Co., Inc. v. Joe Garavelli's of West Port, Inc.*, 655 S.W.2d 132, 135 (Mo. App.1983); and *Burke v. Doerflinger*, 663 S.W.2d 405, 407 (Mo.App.1983). However, the test does not apply to the facts here. In the Colorado action, both Dr. and Mrs. Kayes were plaintiffs, while the only defendant was Ms. Manning. The doctrine has no application in a subsequent suit against a different defendant, because it "presupposes a claim and judgment of a *single plaintiff* against a *single defendant* [our emphasis]." *Lee*, 391 S.W.2d at 313.[1]

 In Colorado a wife may sue her husband for personal injuries caused by him. *Simmons v. Simmons*, 773 P.2d 602, 604 (Colo.App.1988). In Missouri, an injured party may recover for any negligent act directly contributing to his injury, regardless of what other negligent act may contribute, concur, or cooperate to produce the injury, and may prove a cause of action against each person participating in a tort. The plaintiff *"may obtain judgment against all tortfeasors, severally or jointly in one or separate*

---

1. If Dr. Kayes and Fireman's Fund's position was valid, then Mrs. Kayes would have been required to name Dr. Kayes as a defendant in a lawsuit where Dr. and Mrs. Kayes were both plaintiffs. So far as we know, that would be unprecedented.

**54**

*causes of action,* though he can have but one satisfaction [our emphasis]." *Butler Manufacturing Co. v. Wallace & Tiernan Sales Corp.,* 82 F.Supp. 635, 636 (D.C.Mo.1949). Thus, under Colorado and Missouri law, Mrs. Kayes had a cause of action for negligence against *both* Ms. Manning and Dr. Kayes, regardless of whether she elected to sue them together in the same lawsuit or separately. The only restriction is that she cannot recover more than her total damages.

■ We hold that Mrs. Kayes' suit is not barred by the doctrine which prohibits splitting of her cause of action. We express no opinion on the merits of her theory in the Missouri petition, how the theory is pleaded, or the amount of damages she could recover if the theory and claim are sustainable. The offensive use of collateral estoppel has limitations. It may not be available if it would be unfair to a defendant. *See Parklane Hosiery Company, Inc. v. Shore,* 439 U.S. 322, 330–331, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979). We note Dr. Kayes, in the Colorado suit, would be interested in a verdict of no-fault on his part in the collision, because this would enhance his own recovery. That is not true, however, on contesting the extent of Mrs. Kayes' damages.

We reverse and remand.

AHRENS, P.J., and SIMON, J., concur.