STATE of Missouri ex rel. Marlyn K. BUFFINGTON, et al., Relators,

v.

The Honorable Gary M. GAERTNER, Judge, Circuit Court of the City of St. Louis, Respondent.

No. 64850.

Supreme Court of Missouri, En Banc.

Oct. 18, 1983.

Ray A. Gerritzen, St. Louis, for relators.

James M. Heckmann, St. Louis, for respondent.

BLACKMAR, Judge.

The relators filed suit in the Circuit Court of the City of St. Louis against Makita Electric Works, Ltd., (Makita), a corporation of Japan, seeking recovery for personal injuries on negligence and strict liability theories. Service of summons, now challenged, was made on an alleged agent of Makita in Los Angeles, California. Makita, through its counsel, first filed a "special and limited appearance and motion for extension of time," asking that it be allowed until December 3, 1981 "to answer, plead or otherwise respond to plaintiff's complaint (*sic.*)"

On December 3, 1981, Makita filed an answer consisting of denials and a plea of contributory negligence. No matters in abatement were asserted. It also filed a request for production of documents under Rule 56.01 and extensive interrogatories seeking information about the accident and injuries. On March 12, 1982 it filed a motion to compel answers to interrogatories but there is no indication that the motion was ruled and the interrogatories were answered. On September 1, 1982 Makita filed a request for continuance of the trial date of October 4, 1982.

Makita raised no question about the validity of the service of process until December 13, 1982, when it filed a "Motion to Quash Service," asserting that "service of process upon the defendant is governed exclusively by the Hague Convention, *Service Abroad of Judicial and Extrajudicial Documents,* November 15, 1965, 20 U.S.T. 361," and that "plaintiff's petition was never

served upon the defendant pursuant to the Convention's terms." On January 26, 1983 respondent announced that he intended to sustain the motion to quash "unless prohibited from doing so by an appropriate appellate court." We then issued our provisional rule in prohibition.

The motion to quash should not have been sustained. Our Rule 55 affords a defendant full opportunity to challenge service of summons. The right of challenge is not waived by obtaining an extension of time to respond to the petition, but it is waived by the filing of an answer without having raised or then raising the issue as to service. *State ex rel. White v. Marsh,* 646 S.W.2d 357 (Mo. banc 1983); Rule 55.27(f), (g). The utilization of discovery processes and the application for continuance simply augment Makita's voluntary appearance and submission to the jurisdiction of the court, even to the point of using the court's processes for its own purposes.

Makita, then, had been in court for over a year by its own volition before it even questioned the service of process. It would not be fair to the plaintiff, who might explore alternatives if timely warned, to allow Makita to enter and exit at whim. It matters not that its counsel was retained for it by an insurance company, or that counsel may not have been fully advised as to the difference between Makita and an American subsidiary. Counsel were Makita's agents with authority to effect its appearance, either explicitly or by participation in the litigation.

Makita argues that a state may not enact procedural rules which deprive a corporation of a foreign nation of its right to be served with process only in compliance with the treaty, (if, indeed, the service was not in compliance with the treaty, a point which we need not pursue). Counsel could not point to a phrase or line in the treaty which would deprive a foreign defendant of the right to enter a voluntary appearance in an American court, and we perceive none.

Discussion of the treaty language is not necessary. A party may enter an appearance without any service of summons at all. A summons is an invitation as well as a command. One who accepts the invitation may not later complain that the command should have been delivered in some other way.

The provisional rule in prohibition is made absolute.

RENDLEN, C.J., WELLIVER, HIGGINS, GUNN, DONNELLY, JJ., and CROW, Special Judge, concur.

BILLINGS, J., not sitting.