**STATE ex rel. Stacy Lynn ANTOINE, et al., Relators,**

v.

**The Honorable James L. SANDERS, Judge, Circuit Court, St. Louis City, Respondent.**

No. 68517.

Supreme Court of Missouri, En Banc.

Feb. 17, 1987.

Rehearing Denied March 17, 1987.

---

John E. Bell, St. Louis, for relators.

John A. Michener, Kathi L. Chestnut, Robert D. Tucker, Michael A. Campbell, St. Louis, for respondent.

## ORIGINAL ACTION IN PROHIBITION

BLACKMAR, Judge.

Antoine, on October 12, 1985, was riding in a car driven by Williams which collided with one driven by Bonifer. The accident took place in St. Louis County, where both Antoine and Williams resided. Bonifer, at that time, was a resident of the City of St. Louis, but on November 6, 1985, he moved to an address in St. Louis County. On November 19, 1985, Antoine filed suit against Williams and Bonifer in the Circuit Court of the City of St. Louis, the petition reciting that Bonifer was a resident of that city. Both defendants eventually moved to dismiss the suit because of improper venue. The respondent indicated that he would sustain these motions unless prohibited, and we issued our preliminary rule in prohibition, to test claims that objection to the venue had been waived by Williams by filing a motion to dismiss and an answer, and by Bonifer by filing interrogatories directed to the merits of the case. We conclude that the claims of waiver are well taken and make the rule absolute.

The venue statutes exist to protect litigants from suit at inconvenient locations. Before the adoption of the Civil Code of 1943, our courts imposed a strict requirement that a party who objects to the venue must enter a special appearance and must stay out of court for all other purposes. *State ex rel. White v. Marsh*, 646 S.W.2d 357 (Mo. banc 1983). The new code, and the present civil rules based on the code, relaxed the requirements somewhat as to challenges to venue (and to the similar claims of lack of jurisdiction over the person). It is now possible to join defenses relating to the merits with objections to jurisdiction and venue, and a party who obtains an extension of time to plead does

not, by so doing, waive the right to question jurisdiction over the person or venue. The general rule, however, remains in force. The challenge to venue must be made at the first opportunity, and will be waived by taking steps relating to the merits of the case before the objection to venue is presented. *See State ex rel. Buffington v. Gaertner*, 657 S.W.2d 957 (Mo. banc 1983). That case dealt with "insufficiency of service of process," rather than venue, but, it is in point because the defenses set out in subparagraph (2), (3), (4) and (5) of Rule 55.27(a) are of essentially the same quality and subject to the same legal principles. The court and the plaintiff must be timely advised if the very power of the court to proceed with the merits is drawn into question.

■ Williams, by the express terms of Rule 55.27, waived his right to object to the venue by filing, first, a motion for more definite statement, and then, an answer. The pertinent portions of the rule read as follows:

(a) **How Presented.** Every defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

\*  \*  \*  \*  \*  \*

(2) lack of jurisdiction over the person,

(3) improper venue,

(4) insufficiency of process,

(5) insufficiency of service of process,

\*  \*  \*  \*  \*  \*

(d) **Motion for More Definite Statement.** A party may move for a more definite statement of any matter contained in a pleading which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleadings or to prepare generally for trial when a responsive pleading is not required.

\*  \*  \*  \*  \*  \*

(f) **Consolidation of Defenses in Motion.** A party who makes a motion under this Rule may join with it any other motions herein provided for and then available to him. *If a party makes a motion under this Rule but omits therefrom any defense or objection then available to him which this Rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted,* except a motion as provided in subdivision (g)(2) hereof on any of the grounds there stated.

(g) **Waiver or Preservation of Certain Defenses.**

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, that plaintiff should furnish security for costs, that plaintiff does not have legal capacity to sue, that there is another action pending between the same parties for the same cause in this state, that several claims have been improperly united or that the counterclaim or cross-claim is one which cannot be properly interposed in this action is *waived (A) if omitted from a motion in the circumstances described in subdivision (f) or (B) if it is neither made by motion under this Rule nor included in a responsive pleading.* (Emphasis supplied).

\*  \*  \*  \*  \*  \*

By paragraph (f), the issue of venue was waived because a motion for more definite statement, authorized by the rule, was filed without joining a challenge to the venue. The filing of an answer to the amended petition constituted an additional waiver, by the plain language of paragraph (g).

Williams argues that the defense of improper venue was not "available" to him at the time he filed the motion or the answer, because he did not know about it. He says that he was misled by the statement in the petition as to Bonifer's residence. He admits that there is no showing of bad faith, inasmuch as the plaintiff made use of the address given by Bonifer at the scene and incorporated into the police report. We do not agree with his point. Williams was on notice that the documents he filed would

effect a general appearance and a waiver of objections to the venue. He was obliged to make an investigation, if he would preserve a challenge to the venue, and, by the rules, could have obtained an extension of time to do this. *State ex rel. White v. Marsh, supra.* His acts bring him within the rule.

Bonifer's situation is different in detail but not in result. The sheriff could not find him in the City of St. Louis, but a special process server then located him in St. Louis County. After entering a limited appearance and obtaining an extension of time to plead, he filed interrogatories inquiring into the details of the accident. At the time these were filed he of course knew where his residence was, but did not object to the venue. A litigant consents to the venue by engaging in discovery relating to the merits of the case. *See State ex rel. Buffington v. Gaertner, supra.* Although the discovery pursued in that case went far beyond the single set of interrogatories served on Bonifer, the principle—knowingly submitting to the court's jurisdiction over the merits—is the same.

Bonifer argues that the interrogatories were designed to inquire into the defense of "fraudulent joinder," and so did not touch the merits. He cites *State ex rel. Deere & Co. v. Pinnell,* 454 S.W.2d 889 (Mo. banc 1970) in support of a claim that there may be discovery in support of a claim of want of jurisdiction over the person or of improper venue. Any claim of improper joinder in this case, however, would belong not to Bonifer but to Williams. If in fact the claim against Bonifer were utterly lacking in support, so that it could be truly said that it was filed for the sole purpose of permitting the suit against Williams to go forward in the City of St. Louis, then Williams might be able to obtain a dismissal for improper venue. If these circumstances were established, however, Bonifer would be entitled to a judgment on the merits in his favor. His attempt to have discovery as to details of the accident, then, was an action relating to the merits. He failed to raise a question of

venue available to him when the interrogatories were filed.

Because of the waiver as just described, the plaintiff had the right to proceed with her suit in the City of St. Louis and the respondent had no authority to dismiss for improper venue. The preliminary rule in prohibition is made absolute as to both defendants.

HIGGINS, C.J., and BILLINGS, ROBERTSON and RENDLEN, JJ., concur.

DONNELLY and WELLIVER, JJ., dissent.