**STATE of Missouri, ex rel., Robin Heise STEINHORN, M.D., & Washington University, Relators,**

v.

**The Honorable Anna FORDER Judge of the Circuit Court of the City of St. Louis, Missouri, Respondent.**

**No. 58059.**

Missouri Court of Appeals, Eastern District, Division Six.

June 29, 1990.

**52**

Peter F. Spataro, Christophe J. Carenza, Philip L. Willman, Mary Jane Schweitzer, Christina M. Rush, St. Louis, for relators.

Leonard P. Cervantes, St. Louis, Daniel Bartlett, Jr., Clayton, Thomas A. Connelly, St. Louis, for respondent.

## WRIT OF PROHIBITION

CARL R. GAERTNER, Judge.

Relators filed their petition for a writ of prohibition after respondent's denial of their motions to dismiss for improper venue. We issued a preliminary order in prohibition, and after briefing and oral argument, we now make our order permanent.

1. In its motion, relator Washington University averred it had been improperly denominated as Washington University Medical School, a correction adopted by all the parties in subsequent pleadings and also before this Court.

The underlying action was commenced in the Circuit Court of the City of St. Louis on July 19, 1989 by plaintiff, Brandy Payan, a minor, by her next friend Sandra Payan, seeking damages for personal. injuries allegedly sustained as a result of medical malpractice. Robin Heise (now Steinhorn) M.D., Washington University Medical School and St. Louis County Department of Health and Medical Care were named as defendants in the petition.[1] On the face of the petition directions for service of process were set forth. Defendant Heise's address was shown as 1233 Portland Avenue, St. Paul, MN 55104. Service upon defendant Washington University was directed to Peter Ruger, Esq., general counsel, North Brookings Hall, Room 219, St. Louis, MO 63130. The docket sheet reflects two returns of service of summons by the sheriff of St. Louis County. The petition alleges that plaintiff's injuries were sustained in 1981 during pre-natal care and delivery at St. Louis County Hospital. Motions to dismiss were filed by defendant Washington University and defendant Steinhorn on the grounds of improper venue in the Circuit Court of the City of St. Louis. The Washington University's motion was supported by Peter Ruger's affidavit stating that he was the registered agent for Washington University, a not-for-profit corporation, and that his office, and the offices of Washington University were located in St. Louis County. Defendant Steinhorn's motion included an affidavit stating that she resided in the State of Minnesota.

On February 12, 1990, respondent entered an order overruling the motions to dismiss for improper venue for the reason that "defendants had proceeded with discovery by filing interrogatories and a request for production regarding the merits of the case and a motion to compel answers to interrogatories thereby waiving their right to object to venue." This proceeding in prohibition ensued.

St. Louis County Department of Health and Medical Care is no longer a party to the underlying action. We are uninformed regarding the circumstances of this defendant's dismissal from the case.

Venue in this type of action, wherein an individual and a corporation are defendants, is governed by § 508.010 RSMo. 1986. *State ex rel. Coca Cola Bottling Co. of Mid–America v. Gaertner*, 681 S.W.2d 445, 447 (Mo. banc 1984). This statute fixes venue in the county in which a defendant resident of this state resides or, in tort actions, where the cause of action accrued. In this case the cause of action accrued in St. Louis County. Defendant Steinhorn is shown on the face of the petition and by her uncontroverted affidavit to be a resident of the State of Minnesota. Defendant Washington University, allegedly a not-for-profit corporation, was served with process by the sheriff of St. Louis County at the office of its registered agent in St. Louis County.[2] The residence of a not-for-profit corporation "shall be deemed for all purposes to be in the county where its registered office is maintained." § 355.170 RSMo.1986.

■ In overruling the motions to dismiss, respondent ruled that by undertaking discovery relating to the merits of the case relators had waived their right to object to improper venue. This is not the law. Rule 55.27 authorizes the simultaneous filing of various motions and pleadings, including an objection to venue, without waiver of the matters contained therein. It has long been held that a defendant who in a timely and proper manner raises the jurisdictional question created by a lack of venue may thereafter plead over, prepare for trial, utilize all of the procedures available for trial preparation, apply for or consent to continuances and changes of venue and actually try the case on the merits without waiving the defense of lack of personal jurisdiction. *Greenwood v. Schnake*, 396 S.W.2d 723, 726 (Mo.1965). "Having once hoisted the flag at the beginning of the journey a litigant over whose person a court lacks jurisdiction need not continuously wave the flag at every way station along the route." *Id.*

The record shows no entry of appearance or other action by the defendants which could be construed as consent to the court's jurisdiction prior to the filing of the motions to dismiss for improper venue.[3]

■ Having asserted the lack of venue and the resulting lack of personal jurisdiction in the first pleadings filed, the subsequent activities of relators did not constitute a waiver of that defense. Improper venue is such a fundamental defect that it furnishes the ground for prohibition. *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62 (banc 1956); *State ex rel. Dennis v. Snodgrass*, 501 S.W.2d 553, 555 (Mo.App.1973). Accordingly, our preliminary order in prohibition is made permanent.

GRIMM, P.J., and JOSEPH J. SIMEONE, Senior Judge, concur.

**2.** In the trial court and in the brief and suggestions filed in this court, counsel for plaintiff and for respondent herein has argued only that relators have waived their right to object to venue. At oral argument counsel for the first time questioned the residency of Washington University in St. Louis County. After oral argument counsel filed a motion seeking reargument and in support thereof filed certain documents and suggestions that as the successor of the Eliot Seminary, a corporation created by act of the General Assembly in 1853 with offices in the City of St. Louis, Washington University is a resident of the City. However, counsel also attached copies of *pro forma* decrees of the Circuit Court of St. Louis County reflecting amendments to the legislative act of incorporation which refer to the change of name to "the Washington University ... with its principal office being in the County of St. Louis." Thus, whether Washington University has remained a *pro forma* decree corporation pursuant to Chapter 352 RSMo.1986 or, as implied by the affidavit of its registered agent, has been converted to a not-for-profit corporation pursuant to § 355.020.2 RSMo.1986, it continues to be a resident of St. Louis County. Respondent's motion for reargument is denied.

**3.** In oral argument counsel for respondent pointed out the fact that the motion to dismiss for improper venue was not entered on the docket sheet by the clerk at the top of the list of various pleadings filed on the same date. We regard this argument more as a facetious "grasping at straws" than as a serious contention that the motions and pleadings were not filed simultaneously as authorized by Rule 55.-27.