STATE of Missouri, ex rel. James UPTERGROVE, personal representative for Georgia Uptergrove, deceased, Relator,

v.

The Honorable David W. RUSSELL, Judge, Division 2, Circuit Court of Clay County, MO and The Honorable Charles H. Sloan, Presiding Judge, Circuit Court of Ray County, MO, Respondents.

No. WD 48271.

Missouri Court of Appeals, Western District.

Dec. 21, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 1, 1994.

Application to Transfer Denied March 22, 1994.

Timothy H. Bosler, Kansas City, for relator.

Carl J. Lumley, Clayton, for respondents.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

SMART, Judge.

This proceeding involves the contention of a party defendant that an objection to venue, raised for the first time by defendant after defendant has filed a responsive pleading and commenced discovery, may "relate back" to the date of the answer under Rule 55.33(c), so as to preserve the objection to venue.

In October, 1991, Georgia Uptergrove filed a personal injury action against the Housing Authority of Lawson, Missouri, in the Circuit Court of Clay County. Eighteen days after service was obtained, the Housing Authority mailed its answer to the Circuit Clerk of Clay County, and simultaneously mailed interrogatories and a request for production of documents to plaintiff. Eight days after filing its answer and commencing discovery, the Housing Authority, which is located in Ray County, filed a motion objecting to venue in Clay County. This was the first time that defendant had raised the issue of venue. The motion to dismiss or transfer was denied. Due to the subsequent death of plaintiff Georgia Uptergrove, a first amended petition for damages was later filed, substituting Ms. Uptergrove's personal representative as party plaintiff. The Housing Authority then filed its answer to the first amended petition, again asserting that venue was improper in Clay County. Thereafter, the Housing Authority filed its second motion to dismiss or to transfer on grounds of improper venue. On August 20, 1993, the trial court granted the motion to transfer, ordering the case transferred to Ray County.

Plaintiff sought a writ of prohibition from this court, and on August 24, 1993, this court issued its preliminary order prohibiting the transfer of the cause to Ray County. In the interim, however, before the issuance of the preliminary order, the transfer had been carried out and the case file had been shipped by certified mail to the Circuit Clerk of Ray County. On September 22, 1993, plaintiff was permitted to file an amended petition for writ of prohibition, or in the alternative for a writ of mandamus, adding the Presiding Judge of the Circuit Court of Ray County, the Honorable Charles Sloan, as an additional respondent. The parties have filed briefs, and oral argument was conducted December 1, 1993. Having determined its preliminary order was properly issued, this court now issues its .permanent order directing the Honorable Charles Sloan, Circuit Judge of Ray County, to transfer the case and file materials back to Clay County, Missouri, and further directs the Honorable David Russell, Judge, Division 2, Circuit Court of Clay County, to exercise jurisdiction over the case and further proceedings therein.

Both parties in this case acknowledge in this proceeding that pursuant to § 508.050, RSMo 1986, Ray County was the proper venue for this action at the time it was filed. That statute provides that venue in cases against municipal corporations shall be commenced in the county in which the municipal corporation is situated. *See State ex rel. Milham v. Rickhoff,* 633 S.W.2d 733, 735 (Mo. banc 1982). There is no dispute that the Housing Authority of Lawson, Missouri, is situated in Ray County. Nevertheless, plaintiff-relator contends that venue is now proper in Clay County because the Housing Authority waived its objection to venue by filing an answer and initiating discovery prior to raising the issue of venue. The Housing Authority argues that its objection to venue has not been waived.

 The established legal theory is that when venue is not proper in the court in which the case is filed, service of process is defective and the court has no jurisdiction over the party and thus no power to hear the case. *See State ex rel. Boll v. Weinstein,* 365 Mo. 1179, 295 S.W.2d 62, 66 (Mo. banc 1956).

However, because proper venue is a personal privilege, objection to venue may be waived. *Norman v. Norman,* 604 S.W.2d 680, 681 (Mo.App.1980).

 It is no longer necessary to object to venue by special appearance. *State ex rel. Antoine v. Sanders,* 724 S.W.2d 502, 503 (Mo. banc 1987). Nevertheless, venue will be waived unless challenged at the first opportunity. *Id.* at 504. "The court and the plaintiff must be timely advised if the very power of the court to proceed with the merits is drawn into question." *Id.* Any action related to the merits of the cause will waive objection to venue unless a prior challenge has been filed. *Id.* In this case, defendant appeared by answer on November 13, 1991. The answer contained no objection to venue. On the same day the answer was filed, plaintiff's attorney received the interrogatories and request for production of documents prepared by Defendant Housing Authority. The interrogatories and requests for production of documents were not addressed to issues of venue, but instead were addressed to the merits of the petition.

Plaintiff-relator claims that the answer and the discovery initiatives constituted a waiver. The Housing Authority, on the other hand, argues that the challenge to venue filed on November 22, 1991, relates back to the date of the original answer under Rule 55.33(c). The Housing Authority contends that, since the amendment relates back to the date of the previous answer, the result was the same as if the defendant had raised the defense in the original answer or in a motion filed with the answer. The Housing Authority points out that in *State ex rel. Steinhorn v. Forder,* 792 S.W.2d 51 (Mo.App.1990), the court decided that a defendant could initiate discovery simultaneously with the filing of an objection to venue without being held to have waived objection to venue. Thus, the Housing Authority argues, if there were "relation back" in this case, the Housing Authority would not be held to have waived objection to venue. Plaintiff's first rebuttal to this is that there can be no "relation back" with regard to objections to venue. Plaintiff next argues that even if "relation back" were possible, the discovery initiatives in this case constituted

an independent waiver. We agree with plaintiff-relator on both contentions.

■ The action of Housing Authority in filing an answer addressed to the merits of the case, and omitting any objection to venue, constituted a waiver of objection to venue. *State ex rel. Antoine v. Sanders*, 724 S.W.2d 502, 504 (Mo.App.1987). Moreover, the commencement of merit discovery contemporaneously with the filing of the answer (which did not mention venue) constituted a waiver of objection to venue. *Id.* at 505.

■ The Housing Authority did object to venue within 30 days after receipt of service. However, prior to objecting to venue, it had filed an answer which responded to the petition and did not raise objection to venue. It is true that Rule 55.27 never specifies that the *first* pleading filed must contain an objection to venue in order to avoid a waiver. Also, a party may obtain an extension of time in which to plead without waiving objection to venue. *State ex rel. White v. Marsh*, 646 S.W.2d 357 (Mo. banc 1983). However, Rule 55.27 does not abolish the common law rule that the filing of an answer without raising the issue of venue constitutes a waiver. *Cf. State ex rel. Buffington v. Gaertner*, 657 S.W.2d 957 (Mo. banc 1983) (objection to insufficiency of process was waived by the filing of an answer without raising that issue). Moreover, in this case waiver is clear because, in addition to responding to the merits of the petition, the answer raised one Rule 55.27 defense (failure to state a claim) without combining other 55.27 defenses. *See* Rule 55.27(g) (specifying that waiver occurs as to any 55.27 defense not included in a motion raising another 55.27 defense); *Antoine*, 724 S.W.2d at 504. In *Steinhorn* the court specifically noted that in that case the record showed "no entry of appearance or other action by the defendants which could be construed as consent to the court's jurisdiction prior to the filing of the motions to dismiss for improper venue." 792 S.W.2d at 53. Here, however, the answer raising the Rule 55.27 defense of failure to state a claim, but not objecting to venue, was filed well before defendant first raised the issue of venue. Similarly, discovery was initiated before defendant objected to venue.

Plaintiff-relator James Uptergrove has shown a clear right to the relief requested, to wit: the re-transfer of this case back to Clay County for further proceedings.

■ The relief now sought by relator, in view of the unauthorized transfer of the case from Clay County to Ray County, is the issuance of (1) an order directing Respondent Sloan to retransfer the case to the Circuit Court of Clay County, and (2) an order directing Respondent Russell to vacate his transfer order of August 20, 1993. An order in prohibition may be used to direct a respondent having no jurisdiction over a case to transfer the case to the court which has jurisdiction to hear the case. *State ex rel. Missouri Highway and Transportation Comm'n v. Hedspeth*, 788 S.W.2d 342, 345 (Mo.App.1990). Also, an order in mandamus is an appropriate means by which to seek reinstatement of a case which has been improperly transferred. *State ex rel. Elson v. Koehr*, 856 S.W.2d 57 (Mo. banc 1993). No preliminary order was issued to Respondent Charles H. Sloan. Judge Sloan has waived formal issuance of a preliminary order. The preliminary order to Respondent Russell was in the form of a preliminary order in prohibition, but the object of the relief sought (the requiring of Respondent Russell to keep the case) was the same. *See State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62, 67 (1956). Consequently therefore, this court now issues its permanent order in prohibition directing the Honorable Charles H. Sloan to take no action in this case other than to return the case to Clay County. The court also simultaneously issues its peremptory order in mandamus directing the Honorable David W. Russell to vacate his order of August 20, 1993, which transferred the case to Ray County, and to exercise jurisdiction over the case. Each party shall bear its own costs in this proceeding.

SO ORDERED.

All concur.