STATE of Missouri, ex rel., Ellen E. MEEK, Relator,

v.

The Honorable Dennis N. SMITH, Judge, Associate Circuit Court of St. Louis County, Missouri, Respondent.

No. 74691 Writ of Prohibition.

Missouri Court of Appeals, Eastern District, Division Seven.

Aug. 18, 1998.

Susan M. Hais, Philip E. Adams, Hais & Carmody, P.C., Clayton, for Relator.

Dennis N. Smith, Associate Circuit Judge, St. Louis, pro se.

GARY M. GAERTNER, Presiding Judge.

Relator, Ellen E. Meek, filed a petition for writ of prohibition requesting respondent be restrained from enforcing his July 13, 1998 order transferring the underlying cause, captioned *In re Marriage of Meek*, Cause No. 98FC–3574, to the Circuit Court of Jefferson County. Defendant, Gary P. Meek, filed an answer and suggestions in opposition to the petition on behalf of respondent. In the interest of justice, as permitted by Rule 84.24, we dispense with a preliminary order, further briefing and oral argument, and now issue a peremptory writ of prohibition, directing respondent to refrain from enforcing his order transferring the underlying action. *See State ex rel. Rodriguez v. Baker*, 927 S.W.2d 961, 962 (Mo.App. E.D.1996).

Relator filed a petition for dissolution of marriage with the Circuit Court of St. Louis County on April 15, 1998. Defendant was personally served on May 5, 1998. On June 1, 1998, defendant, through his attorney, entered his appearance and filed his answer; a cross-petition for dissolution of the parties' marriage; and a motion for child custody, child support, suit for money, and other relief, pendente lite. Also on this date, defendant filed a notice of hearing on his pendente lite motion, setting it for hearing on July 13,

1998. Nowhere in the above filed documents did defendant assert St. Louis County was an improper venue.

On July 13, 1998, during a pre-trial conference held before the hearing on defendant's motion, defendant's counsel argued venue was not proper in St. Louis County. Thereafter, respondent transferred the cause to the Circuit Court of Jefferson County over relator's objection. Relator then proceeded with this action in prohibition.

Rule 55.27(a) provides, in part, the defense of improper venue may be made in a party's responsive pleading or by motion filed within the time allowed for responding to the opposing party's pleading. The defense of improper venue may be waived if not challenged. *In re Marriage of Burns*, 903 S.W.2d 648, 650 (Mo.App. E.D.1995). A party's failure to object to venue at the first opportunity constitutes a waiver of the defense. *Id.* Here, defendant not only filed his answer to relator's petition, but also filed a cross-petition and a motion which he set for hearing. These acts clearly waived any objection to venue which defendant may have been entitled to raise.[1]

A writ of prohibition is proper to prevent a trial court from improperly exceeding its jurisdiction in transferring a cause of action where the issue of venue has been waived. *See State ex rel. Brockfeld v. Provaznik*, 812 S.W.2d 568, 569 (Mo.App. E.D. 1991). Accordingly, we issue a peremptory writ of prohibition, directing respondent to refrain from enforcing his July 13, 1998 order transferring Cause No. 98FC–3574.

CRANDALL and RICHARD B. TEITELMAN, JJ., concur.

---

1. In his suggestions in opposition filed with this court, defendant argues the trial court could exercise its discretion in transferring the cause to Jefferson County under the doctrine of forum non conveniens. Our state's Supreme Court has made clear, however, this doctrine does not apply to intrastate venues. *See Willman v. McMillen*, 779 S.W.2d 583, 585–86 (Mo.banc 1989).