STATE ex rel. Mary Renee' PALMER, a minor by her Next Friend David D. PALMER, and David D. Palmer, Individually, Relators,

v.

The Honorable Joseph A. GOEKE, III Judge, Division 34 Circuit Court, St. Louis County, Missouri, Respondent.

No. ED 76977.

Missouri Court of Appeals, Eastern District, Writ Division One.

Dec. 7, 1999.

Greg L. Roberts, Eric S. Christensen, The Roberts Law Firm, Chesterfield, for relators.

R. Scott Harness, Crystal City, for respondent.

RICHARD B. TEITELMAN, Presiding Judge.

Father ("Relator") and Mother filed virtually identical civil actions, each naming the other as defendant; both actions sought a declaration of paternity as well as orders of child custody and child support concerning their infant daughter. Relator filed his action first, in St. Louis County, where he lived at the time. Mother filed her action approximately a week later, in Jefferson County, where she and daughter lived. Relator moved to Jefferson County shortly after filing his action. Mother then filed a motion, based solely on grounds of *forum non conveniens,* to have Relator's action transferred to Jefferson County and consolidated with her action. Respondent judge, the Honorable Joseph A. Goeke III ("Respondent"), granted Mother's motion. Relator filed a petition for writ of prohibition with this Court seeking to prohibit Respondent from enforcing his order of transfer. Mother has filed suggestions in opposition to issuance of the writ on behalf of Respondent.

The facts and law are clear. Relator is entitled to the relief he seeks. In the interest of justice and as permitted by Rule 84.24(j), we dispense with a preliminary order, answer, further briefing and oral argument, and now issue our peremptory writ of prohibition.

*FACTUAL BACKGROUND*

On December 24, 1998, a female child, Mary Renee Palmer, was born to Jessica M. Balfanz ("Mother" herein) and Relator, David D. Palmer. Following the birth of their child the parents resided together for a period of time in Jefferson County and then in St. Louis County, but subsequently separated.

On September 9, 1999, Relator filed in the circuit court of St. Louis County his "Petition for Declaration of Paternity, Order of Custody, and Order of Child Support." This petition was given Cause No. 99FC–007816 and assigned to the Respondent herein, Judge Goeke. It is undisputed that at the time Relator filed this petition he resided in St. Louis County and had resided there for more than six months. Shortly after he filed his petition, however, Relator moved to, and currently resides in, Jefferson County. On September 15, 1999, without prior knowledge of Relator's earlier filed petition and before being served in that matter, Mother filed her "Petition for Declaration of Paternity,

Child Custody and Support" in the circuit court of Jefferson County, where she and child resided. This petition was assigned Cause No. CV199–5309.

Though each requests slightly different relief with respect to child support and custody arrangements, Relator's and Mother's respective petitions are virtually identical in substance and subject matter. Both are paternity actions brought under the Uniform Parentage Act, Sections 210.817 through 210.852, RSMo 1994 and RSMo Cum.Supp.1998.

On October 6, 1999, Mother entered her appearance and filed a "Motion Forum Non Conveniens" in Relator's paternity action in St. Louis County. Mother's motion requested that Relator's action be transferred to Jefferson County and consolidated with Mother's paternity action there. Mother's motion based this request on the fact that all parties currently resided in Jefferson County, contending that Jefferson County would therefore be a more convenient forum for judicial disposition of the underlying dispute between the parties. On October 18, 1999, Mother's motion was called, heard and granted by Respondent, over the objection of Relator's counsel. Physical transfer of the file to Jefferson County occurred on or about November 1, 1999. Relator seeks prohibition to prevent Respondent from enforcing his order.

## DISCUSSION

Venue in Missouri is determined solely by statute. *Rothermich v. Gallagher*, 816 S.W.2d 194, 196 (Mo. banc 1991). Section 210.829.4 RSMo 1994 is the venue provision of Missouri's Uniform Parentage Act. It provides, in pertinent part: "An action brought under sections 210.817 to 210.852 may be brought in the county in which the child resides, the mother resides, or the alleged father resides...." In construing this statutory provision Missouri courts have held that it assigns no venue preference or priority, as among the three potential venue sites in which such an action may be filed. *State ex rel. Watts v. Hanna*, 868 S.W.2d 549, 551–52 (Mo. App. S.D.1994). Thus, there is no doubt in the instant case that venue is proper in St. Louis County, and was proper at the time Relator filed his action.[1]

Also significant to our decision is the fact that Relator's paternity action was filed before Mother's action. As noted earlier, the two actions are identical in substance and subject matter. When two suits are filed relating to a dispute involving the same subject matter between the same parties in two Missouri circuit courts of proper venue and concurrent jurisdiction, the court in which the first petition is filed becomes vested with exclusive jurisdiction over the matter to the exclusion of all other courts. See *State ex rel. Kincannon v. Schoenlaub*, 521 S.W.2d 391, 394 (Mo. banc 1975); *Baker v. Baker*, 804 S.W.2d 763, 767 (Mo.App. E.D.1990). It follows that if venue was proper in St. Louis County, and exclusive jurisdiction over the subject matter vested in that circuit court when Relator filed his paternity action there, then Respondent acted in excess of his jurisdiction by transferring Relator's case to Jefferson County.[2]

Respondent argues that the doctrine of *forum non conveniens* should apply in this case, and that it justifies his

---

1. The fact that Relator moved to Jefferson County not long after he filed his action in St. Louis County has no legal significance to the venue issue in this case. Generally speaking, and absent certain possible exceptions which do not apply here, propriety of venue is determined as the case stands when first *brought*. See *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 823 (Mo. banc 1994).

2. In this context, the phrase "acted in excess of his jurisdiction" is used "in the sense that actions taken and orders entered by a trial court are void when the trial court lacks statutory authority to grant the particular relief, even though the court might otherwise have jurisdiction over both the subject matter and the parties. [citations omitted]." *State ex rel. Watts v. Hanna*, 868 S.W.2d at 550, n. 2.

order transferring Relator's action, since all parties currently reside in Jefferson County and hence that venue would be a more convenient forum for adjudication of the matter.[3] However, our state's Supreme Court has consistently held that although the doctrine may sometimes apply in cases that involve out-of-state parties and causes that accrue outside the state of Missouri, Missouri's venue statutes do not permit an *intra* state application of the doctrine of inconvenient forum. *State ex rel. Sharp v. Romines,* 984 S.W.2d 500, 500 (Mo. banc 1999); *Anglim v. Missouri Pacific R. Co.,* 832 S.W.2d 298, 302 (Mo. banc 1992); see also *State ex rel. Meek v. Smith,* 974 S.W.2d 656, 657 n. 1 (Mo.App. E.D.1998). This is because statutory designation of a site where venue is proper "presupposes legislative determination that it cannot be overly inconvenient for a defendant to appear in that location." *Willman v. McMillen,* 779 S.W.2d 583, 586 (Mo. banc 1989). A trial judge is therefore "without discretion to disturb a plaintiff's choice of proper venue within the State." *Jones v. Overstreet,* 865 S.W.2d at 718. Hence, all steps taken by Respondent to transfer Relator's action to Jefferson County were invalid and void. *State ex rel. Watts v. Hanna,* 868 S.W.2d at 551.

There remains a question concerning whether prohibition is the appropriate remedy, in view of the fact that transfer of Relator's action to Jefferson County is now something of a fait accompli.

When the erroneous transfer of a case to another venue has already occurred, Missouri appellate courts have variously relied on both mandamus and prohibition to remedy the error. See, e.g., *State ex rel. Meek v. Smith,* 974 S.W.2d at 657 (prohibition directing transferring judge to "refrain from enforcing" his transfer order); *State ex rel. Watts v. Hanna,* 868 S.W.2d at 552 (mandamus directing transferring

judge to "vacate" his transfer order and "reinstate" case in county of original venue); *State ex rel. Uptergrove v. Russell,* 871 S.W.2d 27, 30 (Mo.App. W.D.1993) (prohibition directing judge to whom case was improperly transferred to retransfer case to county of original venue, simultaneously together with mandamus directing original judge to vacate his transfer order, accept retransfer and exercise jurisdiction in the case); and *State ex rel. Todd v. Romines,* 806 S.W.2d 690, 691 (Mo.App. E.D.1991) (permitting prohibition as remedy for improper transfer of venue, even though indicating mandamus would have been the technically more appropriate remedy for relator to seek).

While it is true as a general principle that prohibition will not lie when an act has already been done, nevertheless, as Judge Simeone sagely noted in *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d 141, 148 (Mo.App.St.L.1974), this principle has its "limitations and exceptions." Prohibition will lie to "undo" acts done in excess of a court's jurisdiction, as long as some part of the court's duties in the matter remain to be performed. See *State ex rel. Ellis v. Creech,* 364 Mo. 92, 259 S.W.2d 372, 375 (1953); *State ex rel. Specialty Foam Products, Inc. v. Keet,* 579 S.W.2d 650, 656 (Mo.App. S.D.1979). As a result, prohibition will lie to restrain the further enforcement of orders that are "beyond or in excess of the authority of the judge." *State ex rel. Sisters of St. Mary v. Campbell,* 511 S.W.2d at 148. For the same reason, prohibition has been held to be appropriate as against a respondent judge who "contended that he was not the proper party because he had no jurisdiction to act further in the cause since the cause was [already] transferred...." *Id.* at 149.

Nor are we limited in this case, in fashioning the appropriate relief, to issuing

---

**3.** The doctrine of *forum non conveniens* generally provides that a trial court has discretion to refuse to exercise jurisdiction if the forum is seriously inconvenient for adjudica-

tion of the action and a more appropriate forum is available to the plaintiff. *Jones v. Overstreet,* 865 S.W.2d 717, 718 (Mo.App. E.D.1993).

orders directed only to the Respondent judge who erroneously transferred Relator's action. In order to effectuate and facilitate full relief we can also join as a party the presiding judge of the county to which Relator's action was improperly transferred. See *State ex rel. Smith v. Gray,* 979 S.W.2d 190, 194 (Mo. banc 1998); *State ex rel. Uptergrove v. Russell,* 871 S.W.2d at 30.

### *CONCLUSION*

This Court now adds the presiding judge of the Twenty–Third Judicial Circuit (Jefferson County) as a Respondent in this writ proceeding. This Court also simultaneously issues its peremptory order in prohibition directing the Honorable Joseph A. Goeke, III to vacate his order of October 18, 1999 which transferred Relator's paternity suit to Jefferson County, to exercise jurisdiction over the case, and to refrain from any contrary actions. Each party shall bear its own costs in this writ proceeding, and Relator's request for attorney's fees is denied.

LAWRENCE G. CRAHAN, J., and PAUL J. SIMON, J., concur.