**STATE of Missouri ex rel. PRIVATE NURSING SERVICE, INC., Relator,**

**v.**

**Honorable Kenneth M. ROMINES, Twenty–First Judicial Circuit, County of St. Louis, Respondent.**

**No. ED 83864.**

Missouri Court of Appeals, Eastern District, Writ Division Six.

March 16, 2004.

David G. Wasinger, St. Louis, MO, for relator.

Brent Newman, Farmington, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Private Nursing Service, Inc., the relator, has filed a petition for writ of prohibition, along with suggestions in support and exhibits, to bar the respondent from transferring venue from St. Louis County to St. Francois County as to defendant Kare So Nursing Services, LLC, (Kare So) in the underlying case. Because St. Louis County is a proper venue in the underlying case, our preliminary order in prohibition is made absolute.

■ A writ of prohibition is appropriate when a trial court improperly transfers venue. *State ex rel. East Carter County R–II School Dist. v. Heller,* 977 S.W.2d

958, 959 (Mo.App.S.D.1998). While it is true, as a general principle, that prohibition will not lie when an act has already been done, this principle has its exceptions. *State ex rel. Palmer by Palmer v. Goeke,* 8 S.W.3d 193, 196–197 (Mo.App. E.D.1999). Prohibition will lie to undo acts done in excess of a court's jurisdiction, and to restrain the further enforcement of orders that are beyond or in excess of the authority of the judge. *Id.*

On November 21, 2003, the relator filed a petition against Rita Ervin and Kare So, alleging misappropriation of trade secrets, unfair competition, tortious interference with business expectancies, and breach of a non-compete agreement, praying for damages and injunctive relief. The relator's petition alleges, *inter alia,* that Ervin, who worked at Private Nursing Services' office in St. Louis County, took confidential client information from that location in an attempt to solicit, divert, or to take away the business of the company in violation of the Missouri Trade Secrets Act and a non-compete agreement. The petition further alleges, albeit murkily, that Ervin has either become employed by or developed a business relationship with Kare So, and that Kare So has misappropriated the stolen confidential information.

On November 21, 2003, the same day the petition was filed, Kare–So filed a motion for change of venue with respect to Kare So, but not as to Ervin. Kare–So contended that Section 508.040[1] applied to a case in which a corporation is the sole defendant, and Kare–So is the sole defendant because the relator had not obtained service on Ervin. Section 508.040 places venue in the county where the corporation's office or agent is located, or where the cause of action accrued. Kare–So claimed that it has an office or agent in St. Francois County, but not St. Louis County. Kare–So also argued that the causes of action, at least as to Kare–So, accrued in St. Francois County. On November 24, 2003, just four days after the petition was filed, the respondent granted Kare–So's motion for change of venue, and transferred venue of the underlying cause to St. Francois County as to defendant Kare–So. This Court's preliminary order in prohibition ensued. No part of the underlying action has yet been transferred to St. Francois County. No answer having been filed, the respondent is in default.

First, we note that Section 508.010, not Section 508.040, is the applicable venue statute in this case, because the defendants in the underlying case are a corporation and an individual, i.e., Ervin. Lack of service on Ervin does not affect the determination of proper venue, because venue is determined at the time an action is brought, or filed, not at the time of service. "Service" and "filing" are two different and distinct words contemplating two different and distinct acts, and we cannot construe one to mean the other. *State ex rel. Schnuck Markets, Inc. v. Koehr,* 859 S.W.2d 696, 698 (Mo.banc 1993). Venue is determined as the case stands when brought. *State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820, 821 (Mo.banc 1994), *State ex rel. Linthicum v. Calvin,* 57 S.W.3d 855, 857 (Mo.banc 2001). Accordingly, when this case was brought, or filed, Ervin was a named defendant whose presence in the

---

1. 508.040 RSMo (2000) provides:
   Suits against corporations shall be commenced either in the county where the cause of action accrued, ... or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business.
   All further statutory references are to RSMo (2000).

case determines venue. And venue is determined as the case stands when brought, not when a motion challenging venue is decided. *DePaul Health Center,* 870 S.W.2d at 823.

■ Second, the relator's petition states a cause of action that accrued in St. Louis County. Section 508.010(6) provides:

In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state. . . .

The petition alleges that Ervin took confidential information from Private Nursing's St. Louis County office and that such information was misappropriated by both defendants. For venue purposes, a cause of action accrues at the place where the wrongful conduct causing injury or damages occurred. *State ex rel. Drake Publishers, Inc. v. Baker,* 859 S.W.2d 201, 204 (Mo.App. E.D.1993). Misappropriation of trade secrets is statutorily defined to include wrongful acquisition. Sections 417.453(2)(a), 417.455. In this case, the wrongful conduct of taking or misappropriating the relator's trade secrets allegedly occurred at its St. Louis County office. Thus, the relator's petition states a cause of action that accrued in St. Louis County.

Our preliminary order in prohibition is made absolute.

BOOKER T. SHAW, P.J., and MARY K. HOFF, J., concur.