**ALLSTATE INSURANCE COMPANY,**
**Plaintiff/Respondent,**

v.

**Douglas T. DEJARNETT,**
**Defendant/Appellant.**

**No. ED 85962.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 8, 2005.

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

SHERRI B. SULLIVAN, J.

*Introduction*

Douglas T. Dejarnett (Dejarnett) appeals from a trial court judgment granting a motion for summary judgment filed by Allstate Insurance Company (Allstate). Dejarnett also appeals the trial court's denial of his motion to transfer venue. We reverse and remand.

*Factual and Procedural Background*

Dejarnett was injured when struck by a truck driven by Sara J. Wallace (Wallace) in St. Louis County. Wallace pled guilty to second-degree assault, a class C felony in violation of Section 565.060,[1] for "recklessly caus[ing] serious injury" to Dejarnett by "running over" him in the truck and to first-degree property damage, a class D felony in violation of Section 569.100, for "knowingly" causing damage to Dejarnett's car by "keying" it.[2]

Allstate issued an automobile insurance policy (the Policy) to Wallace's mother that covered the truck driven by Wallace. The Policy excludes coverage for any damages an insured person is legally obligated to pay because of:

> bodily injury or property damage intended by, or reasonably expected to result from, the intentional or criminal acts or omissions of, an insured person.

(hereinafter referred to as "the criminal acts exclusion").

On May 9, 2003, Dejarnett filed a petition against Wallace in St. Louis County alleging that Wallace negligently and carelessly operated the truck, causing bodily injury to Dejarnett (hereinafter referred to as "the underlying petition"). In the

Joseph Richard Dulle, St. Louis, MO, for Appellant.

Jennifer Hargis, Steven James Hughes—co-counsel, St. Louis, MO, for Respondent.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. Wallace received a suspended imposition of sentence and was placed on five years' probation.

underlying petition, Dejarnett alleges that both he and Wallace are residents of St. Louis County.

On October 17, 2003, Insurer filed a petition for declaratory judgment against Dejarnett and Wallace in St. Louis County seeking the trial court's determination that based on the criminal acts exclusion in the Policy, Allstate is not obligated to defend or to indemnify Wallace for the acts alleged in the underlying petition.

Subsequently, Dejarnett filed a motion to transfer venue to the City of St. Louis alleging that he is not a resident of St. Louis County but is a resident of St. Louis City and that upon information and belief, Wallace is not a resident of St. Louis County. Dejarnett filed an affidavit stating that on October 17, 2003, he resided in the City of St. Louis and that at no time from October 17, 2003 until the time of the filing had he resided or worked in St. Louis County. The trial court denied the motion, noting that counsel for Dejarnett accepted service of process for Dejarnett in St. Louis County and counsel voluntarily entered an appearance in St. Louis County. After being "not found" in St. Louis County, Wallace was served by summons in St. Francois County.[3] The Deputy Sheriff noted on the St. Louis County Summons that Wallace had "moved."

Subsequently, Allstate filed a motion for summary judgment, which the trial court granted. In its judgment, the trial court stated:

The record reflects, and the Court finds, that after Dejarnett and Wallace had a lovers tiff, Wallace 'keyed' Dejarnett's company car; Dejarnett left the scene, stopped to view the damage to the car, was followed by Wallace in the [truck],

and Dejarnett was physically run over by Wallace. The act was conscious. The act was criminal. The policy exclusion applies. [Allstate] is due Judgment as a matter of law.

Dejarnett appeals from the judgment.

*Discussion*

█ Dejarnett raises three points on appeal; however, his first point is dispositive. In his first point, Dejarnett argues that the trial court erred in denying his motion to transfer venue because Section 508.010 mandates that venue is improper in St. Louis County.

█ Venue is determined solely by statute. *State ex rel. Doe Run Resources Corp. v. Neill,* 128 S.W.3d 502, 507 (Mo. banc 2004). Section 508.010 provides in relevant part:

Suits instituted by summons shall, except as otherwise provided by law, be brought:

. . .

(2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

. . .

Venue is determined as the case stands when brought. *State ex rel. Private Nursing Serv., Inc. v. Romines,* 130 S.W.3d 28, 29 (Mo.App. E.D.2004).

█ Dejarnett presented evidence, in the form of an affidavit, showing that at the time Allstate filed the petition for declaratory judgment, Dejarnett did not reside in St. Louis County. The return of summons for Wallace also was evidence that Wallace did not reside in St. Louis County at the time Allstate filed the petition for declaratory judgment. Allstate presented no evidence that either Dejar-

---

**3.** Subsequently, Allstate filed a motion for entry of default judgment against Wallace, which the trial court granted.

nett or Wallace resided in St. Louis County at the time Allstate filed the petition for declaratory judgment. The trial court did not base its denial of the motion to transfer venue on either defendant residing in St. Louis County at the time Allstate filed the petition for declaratory judgment. Section 508.010 does not provide that a defendant's residence may be established by the defendant's attorney accepting service of process for the defendant in a particular county. Further, a party cannot waive venue until he or she is before the court. *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994). The docket sheets show that the first filing by Dejarnett was his motion to transfer venue. Therefore, because Dejarnett challenged the propriety of venue immediately when he came before the court and at his first available opportunity to do so, Dejarnett did not waive venue. Thus, venue in St. Louis County was improper.

An action brought in a court where venue is improper shall be transferred to a court where venue is proper if a motion for such transfer is timely filed. Rule 51.045.[4] Allstate makes no argument that Dejarnett's motion to transfer venue was untimely filed. Therefore, Dejarnett's point one on appeal is granted.

### Conclusion

The judgment of the trial court is reversed and the case is remanded to the trial court with directions to transfer the case to a proper venue.

GLENN A. NORTON, C.J., and ROBERT G. DOWD, JR., concur.

4. All rule references are to Mo. R. Civ.

P.2005, unless otherwise indicated.